1

2                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
3                         EASTERN DIVISION

4      UNITED STATES OF AMERICA,

5              Plaintiff,              Case No. 1:14CR438
                                       Youngstown, Ohio
6          vs.                         Friday, March 6, 2015
                                       9:21 a.m.
7      RYAN D. MALONE,

8              Defendant.

9

10                TRANSCRIPT OF CHANGE OF PLEA HEARING
              BEFORE THE HONORABLE GEORGE J. LIMBERT
11                UNITED STATES MAGISTRATE JUDGE

12

       APPEARANCES:
13

       For the Government:  Mary Kendra Klump
14                          Office of the U.S. Attorney - Cleveland
                            Carl B. Stokes U.S. Courthouse
15                          801 Superior Avenue, West, Suite 400
                            Cleveland, Ohio 44113
16                          (216) 622-3600

17     For the Defendant:   Darin Thompson
                            Office of the Federal Public Defender
18                          Skylight Office Tower, Suite 750
                            1660 West Second Street
19                          Cleveland, Ohio 44113
                            (216) 522-4856
20
       Court Reporter:      Caroline Mahnke, RMR, CRR
21                          Federal Building & U.S. Courthouse
                            2 South Main Street, Suite 568
22                          Akron, Ohio 44308
                            (330) 252-6021
23

24

       Proceedings recorded by ECRO; transcript produced by
25     computer-aided transcription.

2

1              Friday, March 6, 2015

2              THE DEPUTY CLERK:  This Court is open for the

3    transaction of business.  The Honorable George J. Limbert

4    presiding.

5              THE COURT:  Please be seated.

6              THE DEPUTY CLERK:  Court calls Case Number

7    1:14CR438, United States of America versus Defendant Number

8    1, Ryan D. Malone.

9              THE COURT:  I have been informed that Mr. Malone

10   wishes to plead guilty to the charges presented.

11        Is my understanding correct?

12             MR. THOMPSON:  Yes, Your Honor.

13             THE COURT:  I understand the defendant has

14   consented to have a magistrate judge receive his plea.

15        Is that correct?

16             MR. THOMPSON:  Yes, Your Honor.

17             THE COURT:  You don't have to stand every time.

18             MR. THOMPSON:  Thank you, Your Honor.

19             THE COURT:  Mr. Malone, is that your signature on

20   the consent to order of referral to a magistrate judge for

21   purposes of receiving your plea of guilty?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Have you discussed this consent with

24   your attorney?

25             THE DEFENDANT:  Yes, Your Honor.

1       THE COURT:  Do you understand that you have a

2   right to offer your guilty plea to a federal district judge?

3       THE DEFENDANT:  Yes, Your Honor.

4       THE COURT:  Do you understand that by giving this

5   consent to my jurisdiction you give up the right to offer

6   your guilty plea to the federal district judge?

7       THE DEFENDANT:  Yes, Your Honor.

8       THE COURT:  Do you still wish to proceed with

9   your plea before me?

10      THE DEFENDANT:  Yes.

11      THE COURT:  The purposes of this proceeding are

12  as follows:  Number one, to establish that you are competent

13  to make a plea; number two, to make sure that your plea is

14  free and voluntary; number three, to be certain that you

15  understand the charges asserted against you, the maximum

16  penalties for those charges, and the constitutional rights

17  that you are giving up by pleading guilty; number four, to

18  determine that there is a factual basis for the plea; and

19  number five, to receive your plea.

20     Do you understand that?

21      THE DEFENDANT:  Yes, Your Honor.

22      THE COURT:  Okay.  Ms. Klump, have the victims

23  been provided notice of this plea hearing pursuant to the

24  Justice for All Act?

25      MS. KLUMP:  The only victims here are society in

1    general, Your Honor.

2              THE COURT:  Okay.

3         Before I accept your guilty plea there are a number of

4    questions the Court will ask you to assure that it is a

5    valid plea.  If you do not understand any of the questions

6    or at any time wish to consult with your attorney, please

7    say so since it is essential to a valid plea that you

8    understand each question before you answer.

9         Do you understand that?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Would you please raise your right

12   hand?

13        (The Defendant was sworn in.)

14             THE COURT:  Do you understand that having been

15   sworn, your answers to the Court's questions may be used

16   against you in a later prosecution for perjury or making a

17   false statement if you do not answer truthfully?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Would you please state your full

20   name?

21             THE DEFENDANT:  Ryan DeAngelo Malone.

22             THE COURT:  State your age.

23             THE DEFENDANT:  Twenty-seven.

24             THE COURT:  How far did you go in school?

25             THE DEFENDANT:  To the eleventh grade.

1          THE COURT:  Okay.  You never got a GED?

2          THE DEFENDANT:  Yes, I did receive my GED.

3          THE COURT:  Okay.  Are you a U.S. citizen?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Are you able to speak and understand

6     English?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Counsel, have you been able to

9     communicate with the defendant?

10         MR. THOMPSON:  Yes, Your Honor.

11         THE COURT:  Have you ever been treated for any

12    mental illness or addiction to narcotic drugs of any kind?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Would you explain?

15         THE DEFENDANT:  I received treatment for -- NA,

16    in regards to a marijuana addiction I once had.

17         THE COURT:  But that treatment has been

18    completed?

19         THE DEFENDANT:  Yes.

20         THE COURT:  How long ago was that treatment?

21         THE DEFENDANT:  2011.

22         THE COURT:  Okay.  Have you taken any drugs or

23    medication or alcoholic beverage of any kind within the past

24    24 hours?

25         THE DEFENDANT:  No.

1          THE COURT:  Do either of you have any reason to

2     doubt the defendant's competence to plead at this time?

3          Ms. Klump.

4          MS. KLUMP:  No, Your Honor.

5          THE COURT:  Mr. Thompson.

6          MR. THOMPSON:  No, Your Honor.

7          THE COURT:  Do you realize that you have a right

8     to be represented by an attorney at every stage of your case

9     and if you cannot afford to hire your own counsel, one will

10    be provided?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Have you received a copy of the

13    indictment?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Have you had ample opportunity to

16    discuss the charge with your attorney?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Have you told your counsel everything

19    you know about this case?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Has Mr. Thompson fully informed you

22    of the facts and circumstances which form the basis for the

23    charge in the indictment and any defenses you might have?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Did he tell you about his discussions

1    with the attorney for the government?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Is your willingness to plead guilty

4    the result of discussions that your attorney has had with

5    the attorney for the government?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Are you satisfied with your

8    attorney's representation and advice given to you in this

9    case?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Let me go over the elements of the

12   charge with you as I am required to do so by law.

13        Did Mr. Thompson explain to you each and every

14   essential element of the charge for which you are proffering

15   this plea of guilty?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  All right.  Just bear with me for one

18   minute.  I'll be right back.

19        (Pause.)

20             THE COURT:  You have pleaded guilty to Count 1 of

21   the indictment charging you with being a felon in possession

22   of a firearm and ammunition in violation of 18 U.S.C.,

23   Section 922(g)(1).

24        In order to sustain its burden of proof for being a

25   felon in possession of a firearm and ammunition, the

1    government must prove the following essential elements

2    beyond a reasonable doubt:

3            You have been convicted in any court of a crime

4    punishable by imprisonment for more than one year, those

5    being felon in possession of firearm in Case Number

6    1:06CR306 in United States District Court for the Northern

7    District of Ohio on or about January 3, 2007, and drug

8    trafficking with schoolyard and firearm specifications in

9    Case Number CR-06-483164 in the Cuyahoga County Court of

10   Common Pleas on or about January 5, 2007.

11           After these convictions, you knowingly possessed the

12   firearm and ammunition specified in Count 1 of the

13   indictment, and the firearm and ammunition had moved in or

14   affected interstate commerce, that is, it crossed a state

15   line prior to your possession.

16           Do you understand the elements and nature of the

17   charge?

18                   THE DEFENDANT:  Yes, Your Honor.

19                   THE COURT:  Okay.

20           Do you understand that Count 1 requires that you serve

21   a maximum penalty of ten years imprisonment plus a fine of

22   $250,000 or both?

23                   THE DEFENDANT:  Yes, Your Honor.

24                   THE COURT:  Do you understand that Count 1 is

25   probationable and you will be eligible for a sentence of

1    probation.  You could receive up to five years probation but

2    not less than one year.

3         Do you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  In addition, the Court may include a

6    term of supervised release of three years.  Supervised

7    release is a term of supervision in addition to and

8    following any term of imprisonment imposed by the Court.

9         Do you understand that?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Do you further understand that if the

12   Court finds you have violated a condition of supervised

13   release, it may send you back to prison for up to two years

14   regardless of how much of your term of supervised release

15   you served before you violated a condition.

16        Do you understand that?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Do you understand that if the Court

19   sends you back to prison for less than two years, it may

20   impose a further term of supervised release following

21   imprisonment.

22        Do you understand that?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  In addition there is a $100 special

25   assessment which shall be imposed and is due and payable at

1    the time of sentencing.

2           You may be required to pay the cost of imprisonment or

3    supervised release or probation, if granted.

4           You may be required to forfeit certain property to the

5    government.

6           Do you understand that?

7                  THE DEFENDANT:  Yes, Your Honor.

8                  THE COURT:  Do you understand the Court will not

9    be able to determine your sentence for your case until after

10   the presentence report has been completed?

11                 THE DEFENDANT:  Yes, Your Honor.

12                 THE COURT:  Have you and your attorney talked

13   about how the Sentencing Commission Guidelines might apply

14   to your case?

15                 THE DEFENDANT:  Yes, Your Honor.

16                 THE COURT:  Do you understand that the Sentencing

17   Commission Guidelines are no longer mandatory?  In other

18   words, the district judge is not bound to apply the

19   guidelines.  However, the guidelines are advisory and she

20   must calculate the applicable guideline range and take that

21   into account when she imposes a sentence.  She must also

22   consider possible departures under the guidelines or any

23   other sentencing factors under 18 U.S.C., Section 3553(a).

24          Do you understand that?

25                 THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Do you understand that parole has

2    been abolished and that if you are sentenced to prison you

3    will not be eligible for early release on parole?

4          Do you understand that?

5          THE DEFENDANT:  Can I have a moment to speak with

6    my counsel?

7          (Pause.)

8          MR. THOMPSON:  We can go forward, Your Honor.

9          THE COURT:  Okay.  Do you understand that, that

10   parole has been abolished?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Okay.  Has anyone made any prediction

13   or prophecy or promise to you as to what your sentence may

14   be?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  Has your attorney given you any

17   estimate or projection as to what your sentence may be?  Has

18   he talked to you about a potential sentence?

19         THE DEFENDANT:  One moment, Your Honor.

20         (Pause.)

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Do you understand you will not be

23   able to withdraw your plea if the sentence imposed is

24   different from any estimate your attorney may have given

25   you?

1    THE DEFENDANT:  Yes, Your Honor.

2    THE COURT:  Okay.  What did you do in connection

3    with the acts charged in Count 1 of the indictment?

4    THE DEFENDANT:  One moment.

5    On November 4, 2014, I did knowingly possess the

6    firearm that is described in the indictment.

7    THE COURT:  Okay.  What in summary would be the

8    government's evidence as to this count?

9    MR. KLUMP:  Thank you, Your Honor.

10    The government, if the case proceeded to trial, would

11    prove, among other things, beyond a reasonable doubt that

12    Mr. Malone, on November 4 of 2014, in Maple Heights, Ohio

13    which is here in the Northern District of Ohio, Eastern

14    Division, did knowingly possess a loaded Glock Model 19 .9

15    millimeter semiautomatic pistol, serial number

16    Frank-Zebra-Robert-569.

17    Prior to that time the defendant had been previously

18    convicted of felonies punishable by more than one year.  The

19    first being on or about January 3, 2007, Mr. Malone was

20    convicted of felon in possession of a firearm in Case Number

21    1:06CR306 here in the Federal Court for the Northern

22    District of Ohio.  Also on January 5 of 2007, Mr. Malone was

23    convicted of drug trafficking with schoolyard and firearm

24    specifications.  That was in the Cuyahoga County Court of

25    Common Pleas in Case Number CR-06-483164.

1         And finally, Your Honor, the government would

2    establish that both the firearm and the ammunition possessed

3    by Mr. Malone were manufactured outside the State of Ohio

4    and therefore traveled in interstate commerce prior to his

5    possession.

6              THE COURT:  Does counsel agree with the summary?

7              MR. THOMPSON:  Yes, Your Honor.

8              THE COURT:  Do you agree with the prosecutor's

9    summary of what you did?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Is there anything that she stated

12   that was not correct?

13             THE DEFENDANT:  No, Your Honor.

14             THE COURT:  The Court finds a factual basis for

15   the plea.

16        Do you understand that you have a right to a jury

17   trial?  That is your right to have 12 people from the

18   community decide your case.

19        In order to return a verdict against you, all 12

20   jurors would have to agree upon their verdict and the

21   verdict would have to be unanimous.

22        Do you understand that?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Do you further understand that if you

25   went to trial, you would be entitled to the presumption of

14

1        innocence which means that you do not have to prove that

2        you're innocent.  In other words, you do not have to prove

3        to those 12 jurors that you did not commit the crime.  That

4        is up to the government to prove.

5             Do you understand that?

6                     THE DEFENDANT:  Yes, Your Honor.

7                     THE COURT:  You have a right to require the

8        government to prove each and every element of the charge

9        beyond a reasonable doubt.  And if the government fails to

10       prove any one element of the charge, or one or more of the

11       charges, you must be found not guilty of the charge or any

12       one of the charges that the government could not prove all

13       of the elements.

14            And if you went to trial, you would have the right to

15       confront the witnesses presented by the government, which

16       means you would have the right to cross-examine and

17       challenge the testimony of the witnesses that would testify

18       against you.

19            Do you understand that?

20                     THE DEFENDANT:  Yes, Your Honor.

21                     THE COURT:  Do you further understand that in a

22       criminal case the burden of proof never shifts to the

23       defendant, that there is no burden on you to prove your

24       innocence, that if you went to trial you could not be

25       compelled to take the witness stand and testify against

1    yourself, and that the government could not comment on your

2    refusal or failure to testify?

3            Do you understand that?

4                    THE DEFENDANT:  Yes, Your Honor.

5                    THE COURT:  However, if you decided to call

6    witnesses to testify in your behalf, you would have the

7    right to compulsory process which is simply your right to

8    compel the presence of any witnesses you want to call at

9    trial through the subpoena power of the Court.

10           Do you understand that each of these trial rights are

11   waived if the district judge accepts your guilty plea?

12                   THE DEFENDANT:  Yes, Your Honor.

13                   THE COURT:  Finally, if you went to trial and you

14   were found guilty, you would have the right to appeal your

15   conviction.  This is an absolute right.  And if you are

16   unable to hire an attorney to represent you on appeal and it

17   is determined that you're indigent, the Court would appoint

18   a lawyer to represent you.  If you cannot afford to pay the

19   cost of filing your appeal, the Court would grant you 14

20   days within which to file your appeal without paying the

21   cost.

22           Do you understand that you're giving up those

23   appellate rights as well when you enter a plea of guilty?

24                   THE DEFENDANT:  Yes, Your Honor.

25                   THE COURT:  If you went to trial and you were

1    convicted, you would have the right to appeal the merits of

2    your case.  Ordinarily you have the right to challenge your

3    conviction by filing an appeal or a writ of habeas corpus if

4    you believe that your guilty plea was somehow unlawful or

5    involuntary.

6          Do you understand that?

7             THE DEFENDANT:  Yes, Your Honor.

8             THE COURT:  You also have a statutory right to

9    appeal your sentence under certain circumstances,

10   particularly if you think the sentence is contrary to law.

11   The government also has a right to appeal the sentence if it

12   believes it is contrary to law.

13         Do you understand that?

14            THE DEFENDANT:  Yes, Your Honor.

15            THE COURT:  Has anyone made any promises that

16   induced you to plead guilty?

17            THE DEFENDANT:  No, Your Honor.

18            THE COURT:  Has anyone threatened or forced you

19   in any way to plead guilty?

20            THE DEFENDANT:  No, Your Honor.

21            THE COURT:  Having discussed your rights with

22   you, do you still want to plead guilty?

23            THE DEFENDANT:  Yes, Your Honor.

24            THE COURT:  Please state your plea.

25            THE DEFENDANT:  Guilty.

1          THE COURT:  Are you pleading guilty to the

2    offense because you are in fact guilty of the offense

3    charged in Count 1 of the indictment?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  The Court having fully advised the

6    defendant of the effect of his plea finds that he's

7    competent and also finds the plea to have been freely and

8    voluntarily made with full knowledge of the consequences.

9        And since defendant has acknowledged that he is in

10   fact guilty of the charge, I recommend that the district

11   judge accept the plea of guilty and adjudge the defendant

12   guilty of the offense charged in Count 1 of the indictment.

13        Do you understand that?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  This matter is continued pending a

16   presentence investigation and report.

17        Mr. Malone, you will be asked to give information for

18   the report at which time your attorney may be present if you

19   so desire.

20        The Court will permit you and your counsel to read the

21   presentence report before the sentencing hearing, and you

22   can make objections or request corrections that you think

23   are appropriate.

24        And of course you and your attorney will have an

25   opportunity to speak at the sentencing hearing.

18

1          Do you understand that?

2               THE DEFENDANT:  Yes, Your Honor.

3               THE COURT:  All right.  Sentencing is scheduled

4    before Judge Pearson on June 16, 2015 at 10:00 a.m.

5          That's June 16, 2015 at 10:00 a.m.

6          Okay?  Anything further from defense counsel?

7               MR. THOMPSON:  Nothing, Your Honor.  Thank you.

8               THE COURT:  Anything further from the government?

9               MS. KLUMP:  No, Your Honor.  Thank you.

10              THE COURT:  The defendant is remanded to the

11   custody of the U.S. Marshal until sentence, and we are

12   adjourned.

13              THE DEPUTY CLERK:  All rise.

14         (Proceedings concluded at 9:41 a.m.)

15

16                  C E R T I F I C A T E

17

18         I certify that the forgoing is a correct

19   transcript from the record of proceedings in the

20   above-entitled matter.

21

22         S/Caroline Mahnke              3/12/15

23         Caroline Mahnke, RMR, CRR           Date

24

25