## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14CR0438 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE BENITA Y. PEARSON |
| -vs- | : | |
| | : | |
| RYAN D. MALONE, | : | **DEFENDANT RYAN D. MALONE'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendant. | : | |
| | : | |

Ryan D. Malone, through counsel, hereby submits the following memorandum for this Honorable Court's review prior to sentencing scheduled in this case set for July 2, 2015.

                                            Respectfully Submitted,

                                            */s/Darin Thompson*
                                            DARIN THOMPSON (#0067093)
                                            Assistant Federal Public Defender
                                            Office of the Federal Public Defender
                                            1660 W. Second St., Ste 750
                                            Cleveland, Ohio 44113
                                            Phone: (216) 522-4856  Fax: (216) 522-4321
                                            Email:  darin_thompson @fd.org

## MEMORANDUM

**A.     Summary**

Ryan Malone respectfully requests this Honorable Court impose a sentence below the maximum sentence (120 months) in the instant case, and further requests that his sentence be ordered to run concurrently with the sentence in the underlying state case Cuyahoga County Case No. CR-14-591007.

**B.     Title 18, United States Code, Section 3553**

On March 6, 2015, Mr. Malone pleaded guilty to a violation of 18 U.S.C.§922(g)(1). Now, at the time of sentencing, this Court is called upon to fashion a sentence that is "sufficient, but not greater than necessary," by considering the "nature and circumstances of the offense and the history and characteristics of" Mr. Malone. 18 U.S.C. §3553(a)(1). This Court's sentence reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence to criminal conduct; protect the public from future crimes; and provide him with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. §3553(a)(2).

Concurrent with consideration of the above factors is this Court's determination of the kinds of sentences available, including those recommended by the United States Sentencing Commission through the advisory Sentencing Guidelines, including the guideline calculations discussed *infra*, avoidance of unwarranted sentencing disparities among similarly situated defendants who have committed similar, or like offenses, and the need to provide restitution to any victims identified as

having been financially harmed by the defendant's conduct. 18 U.S.C. §3553(a)(3)-(7).

C.   **Application of Sentencing Factors**

   1.   **History and characteristics of Ryan Malone**

Mr. Malone grew up in a home infested with drug abuse. He and his five brothers and sisters were primarily raised by their mother, who was addicted to crack and used crack cocaine while they were in the home. His father was in and out of prison. When he was out, he lived with the family, using crack with Mr. Malone's mother and feeding her crack cocaine binges. His father beat him as a child, and would argue angrily with his mother when she tried to intervene to protect her child. Mr. Malone fled his dysfunctional home early and often, dropping out of school after the 10th grade and turning to a life on the streets.

Despite the difficult circumstances from which he came, Mr. Malone has managed to take some important steps towards building a stable, law-abiding life for himself when he is ultimately released from prison. In 2011, when he was released from federal prison, he participated in the reentry court program. For the first time in his life, he made significant progress in his education and employment. He earned his General Equivalency Diploma. He earned a certificate for asbestos removal. He was employed full time in asbestos removal at Arick's Environmental Services from April to September 2014.

Mr. Malone has begun to prepare for his release from prison, starting with a plan to ensure that he returns to stable employment. He intends to renew his asbestos removal certificate and again be employed in this field. His mother and father have separated and are both in recovery from cocaine addiction, and will be able to provide support and guidance to him. His sister Cierra has been

remained his closest family member, and will offer her support to him through incarceration and when he is released.

### 2. Nature & Circumstances of the Offense

On November 4, 2014, the Cleveland Police arrested Ryan Malone in connection with an investigation into an armed kidnaping on November 3, 2014. That underlying state case is still pending, Cuyahoga County Case No. CR-14-591007. At the time of his arrest, Mr. Malone was found in possession of the firearm charged in the instant offense.

### 3. Advisory Sentencing Guidelines

Pursuant to the PSR, the advisory sentencing range is 130-162 months. PSR at p. 4-5, ¶ 11 - 22. As noted in the PSR, the defense filed an objection to the application of the 4 level increase for use of any firearm in connection with another felony offense (specifically, the underlying state case Cuyahoga County Case No. CR-14-591007), pursuant to U.S.S.G. ¶2K2.1(b)(6)(B). The defense hereby withdraws its objection to that enhancement.

Because the possession of the firearm in the underlying state case Cuyahoga County Case No. CR-14-591007 constituted "relevant conduct" to the instant offense pursuant to U.S.S.G. 1B1.3(a)(1)(A), the Sentencing Guidelines mandate that the sentence in the instant offense shall be ordered to run concurrently to any sentence Mr. Malone receives in that state case. U.S.S.G. 1B1.3(a)(1)(A) defines relevant conduct as "all acts and omissions committed . . . or willfully caused by the defendant." With regard to whether a federal sentence should run concurrently or consecutive to an anticipated state sentence, U.S.S.G. §5G1.3(c) states in relevant part as follows:

> If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

Therefore, because possession of the firearm in the underlying state case Cuyahoga County Case No. CR-14-591007 constituted "relevant conduct" to the instant offense, the Sentencing Guidelines are clear that this Court shall order the sentence for the instant offense to run concurrently to the anticipated state sentence.

**D.  Conclusion**

Ryan Malone respectfully requests this Honorable Court impose a sentence below the maximum sentence (120 months) in the instant case, and further requests that his sentence be ordered to run concurrently with the sentence in the underlying state case Cuyahoga County Case No. CR-14-591007.

                              Respectfully submitted,

                              /s/*Darin Thompson*
                              DARIN THOMPSON (#0067093)
                              Assistant Federal Public Defender
                              Office of the Federal Public Defender
                              1660 W. Second St., Ste 750
                              Cleveland, Ohio 44113
                              Phone: (216) 522-4856  Fax: (216) 522-4321
                              Email:  darin_thompson @fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 25, 2015, copy of the foregoing Defendant's Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                              /s/*Darin Thompson*
                                              DARIN THOMPSON (#0067093)
                                              Assistant Federal Public Defender