FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO 2010 OCT 26  PM 2: 18
EASTERN DIVISION

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

UNITED STATES OF AMERICA
          Plaintiff,

Case No. 1:14-cr-00438

The Honorable Benita Y. Pearson
U.S. District Court Judge

VS.

RYAN D. MALONE
      Defendant.

Motion To Correct Error in PSR

     Now comes Defendant, RYAN D. MALONE, Pro Se and respectfully moves this Honorable
Court to correct the following error set forth in the PSR..

## MEMORANDUM IN SUPPORT

     Specifically, Defendant would like to object to the two point enhancement set forth on
page 13, paragraph 36 of the PSR. The P.S.R assessed an additional two point increase to
Defendants criminal history category for committing the instant offense while under the
supervision of the Ohio Adult Parole Authority, pursuant to U.S.S.G 4A1.1(d).

     Defendant was originally convicted on three cases in the court of common pleas for
Cuyahoga County in case No's CR-04-452774, CR-05-466368, and CR-06-483164.

     Defendant was then convicted in 2015 in this criminal case number, 1:14-cr-438.

     Defendant moved Cuyahoga County Court to terminate PRC because the trial court
failed to notify the Defendant of PRC and to incorporate it into the sentencing entry. Defendant
was not informed of PRC at any of the hearings. The Court granted Defendants motion and
terminated PRC which the Ohio Supreme Court rendered void.

     The objective issues that Defendant would like to raise is that the state court had
terminated the parole and rendered it void. This was done because under Ohio law : " A trial
court has a statutory duty to provide notice of PRC to the Defendant at the sentencing hearing,
as well as to incorporate this notice into the sentencing entry, and any such sentence imposed
without such notice is contrary to law, and void, Pursuant to Ohio v. Jordan, 104 Ohio St. 3d 21,
2004-Ohio-6085, 817 N.E 2d 864. Also, pursuant to the Ohio Supreme Court decision in Ohio v.
Fischer, 128 Ohio St. 3d. 92, 2010 Ohio 6238, 942 N.E 2d 332 at 26-27, which explicitly held that

1

the failure of a state trial court to follow the correct statutory procedure for post-release control voids only the portion of the sentence that dealt with post-release control.

Therefore, the two-point enhancement stems from a terminated and voided parole that Defendant was allegedly on at the time of the instant federal offense.

Defendant cites the following case laws in support of his argument.

1. United States v. David B. Talley, 470 Fed. Appx. 495

2. Ohio v. Simpkins, 117 Ohio St. 3d 420, 2008-Ohio 1197, 884 N.E 2d 56.

3. Hernandez v. Kelly, 108 Ohio St. 3d 395, 2006-Ohio-126, 844 N.E. 2d 301;

4. Ohio v. Jordan, 104 Ohio St. 3d 21, 2004-Ohio-6085, 817 N.E. 2d 864.

5. United States v. Mark Rutledge, 2015- Case NOs. 3:10-cr13, 3:13-cr-179, and 3:15-cr-356.

The premise of Rutledge's motion is that his sentence in the 2010 case was enhanced because of the assessment of the two-points for being under Ohio parole. The assessment by the Probation Department gave Rutledge a total of nine criminal history points and placed him in criminal history category IV. By reducing the criminal history to III, ( which requires 4, 5, or 6 points) Judge Rice effectively eliminated the two points altogether.

6. (A) Similar to United States v. David B. Talley, 470 Fed. Appx. 495 ( 6th Circuit 2012)

Procedural Posture: Defendant sought to vacate the sentence imposed by the United States District Court for the Northern District of Ohio after he was convicted under 18 U.S.C 922(g)(1). The Defendant presented argument that the court erred by including prior convictions in his criminal history score, even though they were void, failed because the only portions of his prior convictions that were void were those that involved PRC.

Overview: Defendant argued that the district court should not have imposed an additional five points to his criminal history score based on two convictions from 2000 because those convictions were void due to the failure of the trial court to properly follow PRC procedures required by Ohio law. The court held that the only portion of Defendants prior convictions that were void were those that involved PRC, and that the convictions applied for sentencing purposes in the case. Further, the State Appellate Court did not vacate the Defendants conviction from 2000, only his derivative escape conviction. Therefore, the District court did not abuse its discretion by including the Defendants conviction from 2000 in his criminal history score.

6. (B) Distinguished from: United States v. David B. Talley, 470 Fed. Appx. 495 (6th circuit 2012)

Defendant's case is different because the additional points to his criminal history score that he is seeking to have corrected is derived from the voided PRC.

Defendant's case is different because he is not seeking to vacate his federal conviction, only to correct the criminal history score error that is derived from the voided Post-Release Control.

For all the aforementioned reasons submitted within this motion, Defendant humbly requests this Honorable Court grant this motion, and correct the error contained within the PSR.

Respectfully Submitted,

Ryan D. Malone

Ryan D. Malone
Reg No. 30802-160
N.E.O.C.C
2240 Hubbard Rd.
Youngstown, Ohio 44505

This 24th day of October, 2016

## CERTIFICATE OF SERVICE

I certify that I have placed this motion to Correct Error In P.S.R in the legal mail here at North East Ohio Correctional Center for delivery to the Office of The Clerk, Thomas D. Lambros Federal Building and United States Courthouse, For the Northern District Of Ohio, Eastern Division, in a sealed envelope, with postage pre-paid, on this 24th day of October, 2016.

Ryan D. Malone
Ryan D. Malone