# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-CR-438 |
| Plaintiff-Respondent, | : | JUDGE BENITA Y. PEARSON |
| vs. | : | DEFENDANT RYAN MALONE'S |
| | : | SENTENCING MEMORANDUM, |
| | : | DOWNWARD DEPARTURE REQUEST, |
| RYAN MALONE, | : | AND GUIDELINES CALCULATIONS |
| Defendant-Petitioner. | : | |

Now comes defendant, Ryan Malone, through counsel, and respectfully submits the following Sentencing Memorandum and Sentencing Guidelines Calculations for this Court's consideration in anticipation of sentencing scheduled for November 14, 2016. Mr. Malone states herein that a sentence within the Sentencing Guidelines range of 57 - 71 months as argued applicable herein, represents a sentence which is sufficient, but not greater than necessary to serve the goals of the Sentencing Reform Act.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928


*/s/Darin Thompson*_____
DARIN THOMPSON
Assistant Federal Public Defender
Ohio Bar: 0067093
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: darin_thompson@fd.org.

## I.     *Introduction*

This case comes back to this Court for re-sentencing after the United States Court of Appeals for the Sixth Circuit, pursuant to *Johnson v. United States*,     U.S.     , 135 S.Ct. 2551 (2015), as the appeals court found that Mr. Malone's prior 2004 burglary conviction was inapplicable as a crime of violence, as the prior conviction was devoid of the necessary elements of force and violence, and thus could only qualify as a crime of violence under the Sentencing Guidelines "residual clause" language. Mr. Malone also challenged the application of the four level increase pursuant to U.S.S.G. §2K2.1(b)(6), arguing that there was insufficient proof that the firearm was used in connection with another felony offense. The Court of Appeals, relying on the doctrine of waiver, did not address the argument that the four level increase did not apply to Ryan Malone's Guidelines calculations. For these reasons, this case is once again before this Court.

In light of the vacating of Mr. Malone's sentence, Ryan Malone submits that this Court is required to find the applicable Offense Level and Criminal History Category, and fashion a sentence which reflects the goals of 18 U.S.C. §3553(a)(1-7). The starting point is an accurate calculation of U.S.S.G. §2K2.1, the guideline applicable to firearms offenses as charged herein, and any applicable reductions or additions are defined in Chapter Three of the Sentencing Guidelines. Thereafter this Court conducts a review of Mr. Malone's prior convictions as directed under Chapter 4 of the Sentencing Guidelines.

Ryan Malone's personal history and background, need for punishment and respect for the law, deterrence and rehabilitation are all factors that this Court must also calculate and which will be discussed herein, as 18 U.S.C. §3661 instructs that any information helpful to the Court in fashioning an appropriate sentence may be introduced to support a sentence which is sufficient but

not greater than necessary to satisfy the sentencing goals as identified by Congress.

## II. *Calculation of United States Sentencing Guidelines.*

### A. <u>U.S.S.G. §2K2.1 - Offense Level Calculations</u>

Ryan Malone's sentencing guidelines calculations, which reflect calculations under U.S.S.G. §2K2.1 for the possession of firearms by a restricted person, are calculated as follows as reflected in the revised Presentence Report:

| | | | |
|---|---|---|---|
| Base Offense Level | §2K2.1(a)(4)(A) | 20 | (One prior drug trafficking prior and large capacity magazine) |
| Specific Characteristic | §2K2.1(b)(4) | +2 | (stolen firearm) |
| Specific Characteristic | §2K2.1(b)(6)(B) | +4 | (Use of any firearm in connection with another felony offense) |
| Acceptance of Responsibility §3E1.1 | | -3 | |
| Total Offense Level | | 23 | |

Doc#95, Revised Presentence Report, pages 4-5, ¶¶ 13 - 23.

As to Criminal History under Chapter 4(A) of the Guidelines, the Presentence Report reflects a total of 11 criminal history points for the prior convictions referenced in Paragraphs 30-34. The Presentence Report also reflects an additional two points for Mr. Malone being under a criminal justice sentence at the time of the felon in possession offense, making the total criminal history points 13, and a resultant criminal history category VI. With a Criminal History Category of VI, and an Offense Level of 23, the applicable Guidelines Range under the Sentencing Table is 92 - 115 months.

### 1.     U.S.S.G. §2K2.1(b)(6)(B) is Inapplicable to Mr. Malone's Guideline Calculations

Ryan Malone states that there is no proof provided which identifies the firearm in this case with the firearm allegedly mentioned in a case which has been dismissed by the Cuyahoga Common Pleas Court, Case No. CR-14-591007. The county case, whose allegations included kidnapping, abduction and felonious assault, were dismissed on July 23, 2015. Therefore, there is no evidence or testimony that the firearm involved in the allegations of kidnapping and abduction, was the firearm possessed by Mr. Malone that serve as the basis for the instant 18 U.S.C. §922(g)(1) conviction.

>Section 2K2.1(b)(6)(B) provides:
>
>(6) If the defendant--
>    (A) . . .
>    (B) Used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense,
>increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

This enhancement applies only if the government establishes by a preponderance of the evidence that there is a nexus between the firearm and an independent felony. *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011). The term "another felony offense" is defined as: "any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, Cmt. n.14(C). When determining whether § 2K2.1(b)(6)(B) applies, "the threshold question for the court is whether the two unlawful possession offenses [the possession of the firearm and the independent conduct] were 'part of the same course

-4-

of conduct or common scheme or plan'" U.S.S.G. § 2K2.1, Cmt. n.14(E)(i) (citing U.S.S.G. § 1B1.3(a)(2), Cmt. n.9).

For application of § 2K2.1(b)(6)(B), the recovered firearm need not be the same as the one used in a prior incident. *See United States v. Settle,* 414 F.3d 629, 632–34 (6th Cir. 2005). However, *Settle* requires that "if the firearm is not the same, the government must prove a 'clear connection' between the two firearms." *United States v. Ford*, 571 F. App'x 378, 380 n.1 (6th Cir. 2014) (vacating enhancement where district court's findings were insufficient); *Settle*, *supra* (finding direct relationship between the two guns because both were purchased for the purpose of inflicting bodily harm on the same victim).

Here, the government did not present any evidence of the type of gun allegedly involved in the allegations of kidnapping and assault. The PSR merely summarizes the police reports of the alleged incident, but failed to describe the type of gun(s) used. [R.95, PSR at ¶ 7, PageID 628-629]. In the PSR's summarization, it is not clear what type of handgun was involved in the November 3 offense, or which alleged perpetrator used the handgun: "According to a witness all four individuals pointed a handgun at YATES and RAVIN MALONE. They pistol whipped and bound YATES' hands and feet and abducted him, placing him in the Malibu trunk and later in the back seat of the vehicle." [R.95, PSR at ¶ 7, PageID 628].

When police arrested Malone on November 4, 2014, after stopping his car, Malone and co-defendant Virgil Cooper were both in possession of handguns: "During the pat down of MALONE a loaded GLOCK 19 handgun (serial number FZR569), which was loaded with fifteen rounds in the magazine and one in the chamber, was retrieved from his waistband. . . . During the pat down of COOPER, a loaded Firestorm handgun with magazine was retrieved from his waistband." [R.95,

PSR at ¶ 7, PageID 628-630]. It is not clear, which, if any, of the two weapons found on Malone and Cooper had been used in the prior November 3 incident. *Cf. United States v. Sanchez*, 527 F. App'x 488, 492 (6th Cir. 2013) (affirming § 2K2.1(b)(6)(B) where defendant previously stole firearm and shot victim four days later with stolen firearm as proven by ballistic reports).

Based upon the lack of connection proven between the firearm recovered from Mr. Malone at the time of his arrest and the incidents involving an alleged kidnapping and abduction, Ryan Malone states that the four level increase does not apply to his advisory Guidelines calculations.

### 2. *Final Guideline Calculations*

Based upon the above argument regarding the inapplicability of the four level increase, the following represents the applicable Guidelines calculation in this case:

| | | | |
|---|---|---|---|
| Base Offense Level | §2K2.1(a)(4)(B) | 20 | (One prior drug trafficking prior) |
| Specific Characteristic | §2K2.1(b)(4) | +2 | (Stolen firearm) |
| Specific Characteristic | §2K2.1(b)(6) | 0 | |
| Acceptance of Responsibility | §3E1.1 | -3 | |
| Total Offense Level | | 19 | |

### 3. *Downward Departure - Overrepresentation of Criminal History*

Ryan Malone submits that his criminal history category over represents his past conduct, and is a basis for this Court to consider a reduction of the history category from VI to V. Mr. Malone relies upon the fact that two of his convictions, one for drug trafficking, the other a violation of 18 U.S.C. §922(g)(1), both in 2006, scored three criminal history points each, for a total of six points. Had the prosecution of Mr. Malone been retained by the State of Ohio, the offenses of conviction for one of the firearms in the federal case would have counted for three (3), as opposed to the six

points allotted for the convictions in Paragraphs 33 and 34 of the Presentence Report.

U.S.S.G. §4A1.3(b) provides for downward departures based upon over representation of a defendant's criminal history. That section of the Guidelines is as follows:

> Standard for Downward Departure.--If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

§4A1.3(b)(1). Ryan Malone states that had Ohio prosecuted the drug trafficking in a school zone along with the possession of the firearm from the May, 2006 incident, the two cases would have combined to equate to three criminal history points.[1] This double points resulted in a criminal history point total of 11, instead of eight (8), and with the addition of the two points for being under a criminal justice sentence, placed him in CHC VI, instead of V. Based upon these facts, Ryan Malone requests a downward departure based upon over representation, to CHC V.

Therefore, under the guideline calculations supported by Mr. Malone herein, the final adjusted Offense Level is 19, and a CHC of V as suggested by Mr. Malone, the sentencing range would be 57 - 71 months.

### III. Personal Characteristics

Ryan Malone's background and history were discussed in his previous Sentencing memorandum, filed on June 25, 2015, at R.55, Sentencing Memorandum of Ryan Malone, Page ID ## 256-261, and letters in support of Mr. Malone were also submitted to this Court, at R.57, Letters of Support, Page ID## 269-277. While incarcerated on this offense, Mr. Malone has taken part in

---

[1] Ryan Malone understands that the federal case at 1:06CR306 involved two counts of §922(g)(1) violations, and that there were two separate firearms possessed on two separate dates, with one being connected to the state case regarding drug trafficking.

the drug program, and was also enrolled in the Challenge Program. Ryan Malone would like this Court to once again consider his upbringing and environment, and the letters from family and friends, in fashioning an appropriate sentence that is sufficient to satisfy the goal of the Sentencing Reform Act.

**IV.** *Conclusion*

For the foregoing reasons, Ryan Malone requests a sentence that reflects the calculations provided herein, and a sentence that reflects his acceptance or responsibility, potential for rehabilitation, and his ability to break the cycle of criminal behavior.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928


*/s/Darin Thompson*_____
DARIN THOMPSON
Assistant Federal Public Defender
Ohio Bar: 0067093
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: darin_thompson@fd.org.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Darin Thompson*_____
DARIN THOMPSON
Assistant Federal Public Defender