UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RYAN D. MALONE ) | |
|     Petitioner, ) | |
| ) | Case No. _____ |
| vs. ) | Ref. No. 1:14-CR-438 |
| ) | |
| UNITED STATES OF AMERICA ) | Hon. Benita Y. Pearson |
|     Respondent. ) | <u>Verified Petition</u> |

===================================================
MOTION TO VACATE, CORRECT OR SET ASIDE SENTENCE
PURSUANT TO 28 U.S.C. § 2255
===================================================

    Now Comes the petitioner, RYAN D. MALONE, pro-se, and respectfully ask this honorable Court to vacate and correct his sentence because he received ineffective assistance of counsel on appeal as fully explained below:

<u>I S S U E S   P R E S E N T E D</u>

1. COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THAT THE DISTRICT COURT MISAPPLIED THE ENHANCEMENT UNDER USSG § 2K2.1(a)(4)(A) BECAUSE PETITIONER'S PRIOR CONVIC- FOR VIOLATING OHIO REV. CODE ANN. § 2925.03(A)(2) IS NOT A "CONTROLLED SUBSTANCE OFFENSE" AS CONTEMPLATED BY USSG § 4B1.2(b), AFTER THE SUPREME COURT'S DECISIONS IN <u>DESCAMPS v. UNITED STATES</u>, 133 S. Ct. 2276 (2013), and <u>MATHIS v. UNITED STATES</u>, 136 S. Ct. 2276 (2013).

2. PETITIONER'S APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ON APPEAL THAT THE DISTRICT COURT ALSO MISAPPLIED THE ENHANCEMENT UNDER USSG § 4A1.1(d) SINCE THE STATE OF OHIO HAD DECLARED THE POST RELEASE CONTROL PORTION OF THIS PETITIONER'S STATE SENTENCE "VOID."

<u>S T A T E M E N T   O F   T H E   C A S E</u>

    Petitioner was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Petitioner then plead guilty without the benefit of a plea agreement. Petitioner was originally sentenced on July 2, 2015. At sentencing the district court set the base offense level at 24 under USSG § 2K2.1(a)(2); imposed a 2 level increase based upon the possession of a stolen firearm under USSG § 2K2.1(b)(4); a four level increase under USSG § 2K2.1(b)(6)(B), based upon the allegations of kidnapping and assault that were then pending based upon the facts as recited above, and the connection of the firearms seized from petitioner and his co-defendant at the arrest. The district court found that the petitioner's criminal history score was 13 and the offense level was 27 Then, after

a three level reduction for acceptance of responsibility, and a criminal history category of V, the range under the sentencing table was 130-thru-162 months of incarceration. Because the statutory maximum was 120 months, the district court sentenced petitioner to 120 months of incarceration.

On Appeal, petitioner challenged his sentence calculation based upon the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and arguing that his prior conviction for aggravated burglary was no longer a crime of violence and also challenging the district court's imposition of the four level enhancement under USSG § 2K2.1(b)(6)(B), base upon the the district court's failure to make sufficient factual findings to support the enhancement. The court of appeals remanded, finding that Johnson was applicable, and ordered resentencing.

After remand, the district court ordered a revised Pre-Sentence Investigation Report. The government filed a sentencing memorandum where they requested the imposition of an 120 month sentence, which would be an upward variance from the Guidelines sentencing range.

Petitioner also filed a pro-se motion to correct error in the PSI stating that his criminal history was improperly calculated based upon the fact that the two additional points he received pursuant to USSG § 4A1.1(d), because his Post Release Control had been voided by the State of Ohio.

Sentencing was held on November 15, 2016. There, the district court rejected petitioner objection to enhancement pursuant to § 4A1.1(d) by making a finding that post release control was merely "terminated," instead of having been "Voided." And granted the government's request for an upwards variance of 5 months from a Guideline range of 92-to-115 months, and resentenced petitioner to the statutory maximum of 120 months of incarceration.

Petitioner again appealed. In that appeal, petitioner's attorney raised two issues. Those were that petitioner was improperly enhanced under USSG § 2K2.1(b)(6)(B); and whether petitioner sentence was unreasonable due to the court's failiur to depart from criminal history category VI.

Appellant disagreed with the issues that counsel was raising on appeal, and specifically request that counsel raise on appeal that he was improperly enhanced under USSG § 2K2.1(a)(4)(A) because his prior conviction under Ohio Rev. Code Ann. § 2529.03(A)(2), was not a "controlled substance offense" after the Supreme Court's decisions in both Descamps v. United States, 133 S. Ct. 2276 (2013) & Mathis v. United States, 136 S. Ct. 2243 (2016); and he requested that counsel raise that

he was also improperly enhanced under USSG § 4A1.1(d) because the Post Release Controle protion of petitioenr's state sentence was voided and not merely terminated.

When petitioner's attorney refused to raise these issues, petitioner file a motion to the Court of Appeal seeking permission to proceed pro-se on appeal. In that motion, petitioner alerted the court of appeals to the fact that he and his attorney had disagreed on the issues that should be raised on appeal, and that petitioner believed that the issues that he wanted raised not only had merit, but were supported by Supreme Court Case law, and the Case law of the Ohio State Supreme court.

The Court of Appeals denied petitioner's motion to proseed pro-se, and subsequently denied petitioner's appeal.

## I S S U E S  A N D  A R G U M E N T S  I N  S U P P O R T

1. COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ON APPEAL, THAT THE DISTRICT COURT MISAPPLIED THE ENHANCEMENT UNDER USSG § 2K2.1(a)(4)(A) BECAUSE THIS PETITIONER'S PRIOR CONVICTION FOR VIOLATING OHIO REV. CODE ANN. § 2925.03(A)(2) IS NOT A "CONTROLLED SUBSTANCE OFFENSE" AS CONTEMPLATED BY USSG § 4B1.2(b), AFTER THE SUPREME COURT'S DECISIONS IN DESCAMS v. UNITED STATES, 133 S. Ct. 2276 (2013), AND MATHIS v. UNITED STATES, 136 S. Ct. 2276 (2013)

Since this is a claim of ineffective assistance of counsel, this court must look to the Supreme Courts ruling in Strickland v. Washington, 466 U.S. 668 (1984). There, the court made several points clear that are relevant here. Those points are:

(1) "The right to counsel is the right to effective assistance of counsel."

(2) "The Sixth Amendment right to counsel exist, and is needed, in order to protect the fundamental right to a fair trial, <u>since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled.</u>"

Because of the above, the Court stated that:

(3) "Counsel can deprive a defendant of the right to effective assistance of counsel **simply by failing to render adequate legal assistance**."

Additioanlly, each claim of ineffective assistance of counsel is subject to a familiar two part test. First, the petitioner must show that counsel's performance was deficient, and second, he must show that the deficient performance prejudiced the defense such that "there is a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceedings would have been different. Id

Id. at 694, 104 S. Ct. 2052. And it must be remembered that petitioner does not have to show that the outcome of the proceeding "**would have been different**", but a petitioner only has to show a "**reasonable probability**" of a different outcome. Which is, as the Supreme Court has explained, "**less than a probability.**" See United States v. Dominguez-Benitez, 542 U.S. 74, 83 n.9, 124 S. Ct. 2333, 159 L. Ed. 2d 1578 (2004).

Lastly, when a petitioner is making a claim of ineffective assistance of appellate counsel. He is required to make an additional showing. Because it is well settlled that "appellate counsel ... need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." See Smith v. Robbins, 528 U.S. 259, 288, 120 S. Ct. 746, 145 L. Ed 2d 756 (2000), as a general rule, it is "'only when ignored issues are clearly stronger than those presented [that] the presumption of effective assistance of counsel [can] be overcome.'" Id. (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). Furthermore, in the appellate counsel context, to demonstrate prejudice, petitioner must show a reasonable probability that his claims would have succeeded on appeal. See Id. at 285-86; Benning v. Warden, 345 Fed. Appx. 149, 155-56 (6th Cir. 2009); McCleese v. United States, 75 F.3d 1174, 1180 (7th Cir. 1996).

In this case, to determine whether counsel's performance was deficient under all of the above, we must look to the statute under which petitioner prior conviction rest. Petitioner was enhanced under USSG § 2K2.1(a)(4)(A) based upon a prior Ohio State conviction for violating Ohio Rev. Code Ann. § 2925.03(A)(2). That statute states:

> "No person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribut a controlled substance **or a controlled substance analog**, when the offender knows or has reasonable cause to believe that the controlled substance **or a controlled substance analog** is intended for sale or resale by the offender or another person."

At the time of petitioner's appeal, he asked counsel to argue that this statute sweeps more broadly than the definition of "controlled substance offense" found at USSG § 4B1.2(b), in light of the Supreme Court's decisions in both Mathis, and Descamps. Counsel disagreed and refused to raise this issue on appeal. But petitioner can clearly show that he was, and is correct, as fully explained below.[1/]

---

1. Petitioner sent counsel a letter explaining Mathis, Descamps and how they applied to Ohio Rev. Code Ann. § 2925.03(a)(2).

In <u>Mathis</u>, the Court discussed the correct approach to use in the application of the categorical and modified categorical approach to a statute, and when a statute set forth alternative means of committing a single element, and when a statute sets forth different elements that must be found by a jury, The Court noted that a prior crime qualifies as a predicate offense only if the elements are the same or narrower than those of the generic offense listed in the statute. Id. at 2247. When a statute is indivisible, a court can determine whether a crime counts as an ACCA predicate by lining up the crime's elements along side those of a generic offense to see if the elements match. Id. at 2248. In the case of a divisible statute, where the statute list elements in the alternative, a court employs a "modified categorical approach" by which a court may examine a limited class of documents (charging document, terms of plea agreement, colloquy in which the factual basis of the plea was confirmed by the defendant, or some comparable judicial record of this information." <u>Shepard v. United States</u>, 544 U.S. 13 (2005). This allows a court "to determine what crime, with what elements, a defendant was convicted of." <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016).

Applying <u>Mathis</u> to Ohio Rev. Code Ann. 2925.03(A)(2), it is clear that the statute set forth alternative means of committing the trafficking element of the offense, and therefore, the modified categorical approach never comes into play. See <u>United States v. Walker</u>, 858 F.3d 196, n.3 (4th Cir. 2017)("It appears that the various acts in § 2925.03(A)(2) are various menas by which the single trafficking offense can be committed and that the statute therefore is <u>not</u> divisible. See <u>State v. Calabrales</u>, 118 Ohio St. 3d 54, 2008 Ohio 1625, 886 N.E.2d 181, 189 (Ohio 2008)." This is because the statute can be violated by either possessing which the intent to distribute, or with reason to believe that someone else will distribte a controlled substance or **a controlled substance analog**. But the problem is that the Guideline provision under which petitioner was enhanced (USSG § 2K2.1 (a)(4)(A)). which calls for a base offense level of 20 if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence, or a controlled substance offense, borrows its definition of "controlled substance offense" from USSG § 4B1.2(b). That definition does not cover "controlled substance analogs." That guideline only covers "controlled substances," and "counterfeit substances."

§ 4B1.2(b) states:

> (b) "The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a **controlled substance (or counterfeit substance)** or the possession of a controlled substance (or counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense."

Now federal law makes a distinction between a "controlled substance," a "counterfeit substance," and a "controlled substance analog." A controlled substance is "a drug or other substance, or immediate precursor, included in schedule I,II,III IV, or V of part B of this title [21 USCS § 812]. (see 21 USC § 802(6)). In other words, if the substance is not listed in one of the schedules above, it is not a controlled substance.

The term "counterfeit substance" is defined at 21 USC § 802(7) as "a controlled substance which, or a container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, number, or device, or any likeness thereof, of a manufacture, distributor, or dispenser other than the person or persons who in fact manufactured, distributed, or dispensed such substance and which thereby falsely purports or is represented to be the product of, or to have been distributed by, such other manufacturer, distributor, or dispenser."

So under federal law, a counterfeit substance also must be a controlled substance, or be falsely labeled or otherwise presented as such.

The term "controlled substance analog" on the other hand does not have to either be a controlled substance at all, nor labeled as such. This is clear from examining 21 USC § 802(32)(A) which defines a "controlled substance analog" as "a substance (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in Schedule I or II." Other parts of § 802(32) covers chemicals that have similar effects on the body, but again, are not controlled substances, nor labeled as such.

Since when applying the categorical approach, one must first line up the elements of the state statute with the generic federal offense and determine if the state crimes elements either are the same or narrower than the federal offense, and when that process in done in regards to Ohio Rev. Code Ann. § 2925.03(A)(2), it is clear that the Ohio statute punishes a larger swath of conduct, as the

Federal Sentencing guidelines do not cover "controlled substance analogs.

Descamps, 133 S. Ct. 2276, made it clear at 133 S. Ct. at 2283, that "if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." Therefore, petitioner's conviction for violating Ohio Rev Code Ann. § 2925.03(A)(2) is not a controlled substance offense under USSG § 2K2.1(a)(4)(A), and petitioner's attorney was ineffective for failing to use her "skill and knowledge," (see Strickland), on appeal, and raise this issue since both Descamps and Mathis were already decided. And again, petitioner not only alerted counsel to this issue, but attempted to raise it himself in the Court of Appeals.

To show the prejudice of counsels failure, even if all of the other enhancements still applied, petitioner's starting base offense level would have been 14. This, coupled with a criminal history category of VI, produces a recommended Guidelines sentence of 51-to-63 months, based on a total adjusted offense level of 17, and a crimianl history category of VI. Just recently, in Faison v. United States, 650 Fed. Appx. 881 (6th Cir. 2016), the Court of Appeals heard an appeal of the denial of a § 2255 petition where the petitioner complained that ineffective assistance of counsel cause him to be sentenced to an incorrect Guidelines range. The Court of Appeals, in reversing the denial of the petition, quoted the Supreme Court's opinion in Molina-Martinez v. United States, 136 S. Ct. 1338, 1345, 194 L. Ed 2d 444 (2016)(concluding that the harmless error standard does not require a "further showing of prejudice beyond the fact that the erroneous, and higher, Guidelines range set the wrong framwork for the sentencing proceeding" and that ""[t]his is so even if the ultimate sentence falls within both the correct and incorrect range"). The Court of Appeal in In re Patrick, 833 F.3d 584 (6th Cir. 2016) further noted that in Peugh v. United States, 133 S. Ct. 2072 (2013), the Supreme Court stated that "Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to expalin the decision to deviate from it, then the Guidelines are in a real sence the basis for the sentence."" (see Peugh, 133 S. Ct. at 2083).

What the above means is that if petitioner's argument is correct that under the categorical approach his prior conviction is not a "controlled substance offense", and his guidelines were improperly calculated, and his attorney failed to raise this issue on appeal, after being alerted by petitioner to the error/argument, then petitioner was clearly prejudiced, and counsel was clearly ineffective.

- 7 -

Now the government may have some argument as to whether petitioner's prior drug conviction was a "controlled substance offense" under the Guidelines. (Even though their argument would untimately fail). But there is simply no argument that can be made against petitioner's second issue because the Sixth Circuit Court of Appeals has already ruled on the subject, and that decision is binding as fully explained below.

## I S S U E   T W O

PETITIONER'S COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ON APPEAL THAT THE DISTRICT COURT ALSO MISAPPLIED THE ENHANCEMENT UNDER USSG § 4A1.1(d) SINCE THE STATE OF OHIO HAD DECLARED THE POST RELEASE CONTROLLED PORTION OF THIS PETITIONER'S STATE SENTENCE <u>VIOD</u>.

As stated before, not only did petitioner raise, at his resentencing that his Ohio Post release control had been voided, but he specifically requested that counsel raise this issue on appeal and bring to the court's attention that he had been improperly enhanced under USSG § 4A1.1(d) which calls for a 2 point increase in his criminal history category for being under a criminal justice sentence at the time of the instant offense. The District Court, at petitioner's resentencing had ruled against him by finding that the Post Release Control was merely "terminated," but not "voided," and therefore, at the time of the instant offense, petitioner was under a criminal justice sentence.

But, if petitioner's attorney would have used her <u>skill and knowledge</u> to at least check the case law from the Sixth Circuit Court of Appeals on the subject, after being alerted to the issue by the petitioner, she would have found that the Court had noted in <u>United States v. Tally</u>, 470 Fed. Appx. 495 (6th Cir. 2012), that "the Ohio Supreme Court in <u>Ohio v. Fischer</u>, 128 Ohio St. 3d 92, 2010 Ohio 6238 (Ohio 2010), <u>explicitly held</u> that the failure of a state trial court to follow the correct statutory procedure for post-release control <u>**voids only the portion of the sentence that delt with post-release control:**</u>

> It is only the postrelease-control aspect of the sentence that is void and that must be rectified.
>
> ***
>
> We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, <u>**that part of the sentence is void and must be set aside.**</u> Neither the [Ohio] Constitution nor common sence commands anything more."

In addition to the above, petitioner must point out that the word "void" means "ineffectual; nugatory; having no legal force or binding effect; unable in law to support the purpose for which it was intended." See Balck's Law 6th Ed., page 1573.

- 8 -

To put it plainly, when the courts of Ohio grants a defendant relief because the state trial court failed to follow the correct procedure for imposing post-release control, the court always voids the portion of the sentence that deals with postrelease control. It is never just terminated.

Therefore, in light if the above, petitioner should have never been enhanced under USSG § 4A1.1(d), and this fact would have been both clear and obvious to any attorney who had simply taken the time to look at this Circuit's case law. This issue is (along with issue one raised herein) clearly stronger than either of the two issues that petitioner's attorney raised on appeal, and both would have entitled him to relief. If this court finds that both of petitioner's arguments are correct, petitioner's correct Sentencing Guidelines range would be 46-57 months. This is based on a total offense level of 17, and a crimianl history category of V.

Therefore, this court should find that petitioner's attorney was clearly ineffective.

## CONCLUSION AND RELIEF SOUGHT

Wherefore, with all of the above being considered, petitioner request that this honorable court grant him the following relief:

(1) Find that petitioner's attorney was ineffective for failing to raise on appeal that his prior conviction under Ohio Rev. code Ann. § 2925.03(A)(2) was not a "controlled substance offense" under USSG § 4B1.2(b), and therefor petitioner should not have been enhanced under USSG § 2K2.1(a)(4)(A).

(2) Find that petitioner is entitled to be resentenced without the enhancement (USSG § 2K2.1(a)(4)(A)).

(3) Find that petitioner's attorney was ineffective for failing to raise on appeal that petitioner was erroneously enhanced under USSG § 4A1.1(d) because his Ohio postrelease control was declared "void" by the Ohio courts.

(4) Find that petitioner should be resentenced without the USSG § 4A1.1(d) enhancement. Or,

(5) Find that petitioner is entitled to a new appeal where he can raise the above issues, and

(6) Grant any additional relief that this court deems just and proper.

Respectfully Submitted:

Ryan D. Malone
Ryan D. Malone

I declare under the penalty of perjury that all of the facts contained herein are true and correct to the best of my firsthand knowledge nad belief, and that this Verified Petition was signed on October 24th, 2017.

> Ryan D. Malone, pro-se
> Reg. No. 30802-160
> USP McCreary
> P.O. Box 3000
> Pine Knot, KY 42635

SUBSCRIBED AND SWORN to before me this 24th, day of October, 2017.

Signature of Notary Public



Larry Lewis
Notary Public
State at Large, Kentucky
My Commission Expires on 4-30-18

### C E R T I F I C A T E   O F   S E R V I C E

I certify that I have placed a copy of this Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 USC § 2255, in the legal Mail here at USP McCreary, for delivery by the United States Postal service, to the United States District Court for the Nothern District of Ohio, in a selaed envelope, with postage pre-paid, and addressed to the court as shown below, on this 24th, day of October, 2017

United States District Court
Northern district of Ohio
125 Market Street, Room 337
Youngstown, Ohio 44503

> Ryan D Malone
> Ryan D. Malone