UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RYAN D. MALONE
    Petitioner,

vs.

UNITED STATES OF AMERICA
    Respondent.

Case No. 1:17-CV-2290
Ref. No. 1:14-CR-438

Judge: BENITA Y. PEARSON

FILED APR 13 2018

---

PETITIONER'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION
TO VACATE PURSUANT TO 28 USC § 2255

---

    Now Comes the Petitioner, RYAN D. MALONE, pro-se, and herein files his reply to the government's response to his motion to vacate, correct, or set aside sentence pursuant to 28 USC § 2255. The government's response makes some serious errors of law, is contrary to the Supreme Court's Ruling in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), and <u>Taylor v. United States</u>, 109 L. Ed 2d 607 (1990), in that adopting the government's veiw would mean totally ignoring the Supreme Court clear direction as to the proper application of the categorical, and modified categorical approach. Petitioner will fully explain these points herein to show that Ohio Rev. Code Ann. § 2925.03(a)(2) can not possibly qualify as a - controlled substance offense under the Guidelines

    Secondly, this court is bound by the decision of the Ohio Supreme Court that clearly states that the state of Ohio 'only' voids post release control, and never just terminated. This point will also be fully explained herein.

    As an initial matter, petitioner must be clear that for any court to properly apply the categorical approach to a state statute and determine if it is "either" a crime of violence, or a "controlled substance offense," the court must "look only to the fact of conviction **and the statutory definition** of the prior offense." See <u>Taylor</u>, 109 L. Ed. 2d 607. The court must then compare that state statute, and the states definitions, to the **generic federal offense**. See <u>United States v. Herrera</u>, 375 F.3d 399, 403 (6th Cir. 2004); See also <u>Moncrieffe v. Holder</u>, 133 S. Ct. 1678 (2013)("[A] state offense is a categorical match with a federal generic offense only if a conviction of the state offense 'necessarily

involves facts <u>equating to the generic federal offense</u>.") But, the Supreme Court has also made it perfectly clear that if a state "statute <u>sweeps more broadly than the generic crime</u>, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." See <u>Descamps</u>, 133 S. Ct. 2276 (2013).

Now this circuit (and all circuits) have applied the categorical approach to the term "controlled substance offense" under The Sentencing Guidelines. See <u>Dowell v. Quintana</u>, 2017 U.S. App. LEXIS 23409 (6th Cir. 2017). But in order to do that, one must first determine what the <u>federal generic</u> "controlled substance offense" is. This is because USSG § 4B1.2 defines "controlled substance offense" as:

> "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, distribution, or dispensing of <u>a controlled substance(or counterfeit substance)</u>"

So it is clear that the Guidelines only covers "controlled substances," and "counterfeit substances." But as explained in <u>Descamps</u>, if the state statute **"sweeps more broadly"** than just "controlled substances" and "counterfiet substances" a conviction under that statute can not be used as a predicate for enhancement under USSG § 4B1.1, be cause it will not be a categorical match.

The Ohio drug trafficking statute does just that. It includes "analogs." So when applying the categorical approach, i.e. placing the Ohio statute side by side with USSG § 4B1.2(b) it is plain for the eyes to see that the inclusion of "analogs" in the state statute dooms this statute as being a proper predicate for enhancement.

Now everybody knows that words have meanings. There is no "generic federal offense" that defines "analog" as being a controlled substance. In fact 21 USC § 802(32)(C) specifically states that the term "controlled substance analog" does not include a "controlled substance." Id. Additionally, the government has pointed <u>United States v. Smith</u>, 681 F. App'x 483, 489 (6th Cir. 2017), which looked at the term "controlled substance analog," under 720 Illinois Compiled Statute § 570/401, and ruled that:

> "Because there is no requirement that the particular controlled substance underlying a state conviction also be a controlled substance by the federal government, and because the Guidelines specifically include offenses under state law in § 4B1.2, the fact that Illinois may have criminalized the manufacture, import, export, distribution, or dispensing" of some substances that are not criminalized under federal law does not prevent conduct prohibited under Illinois statute from qualifying, categorically

- 2 -

as a predicate offense."

But this decision ignores the central feature of the categorical approach. That is that that the state charge/statute must be compared with the "**federal generic offense**," **and it must be determined if the statute sweeps more broadly than the "generic federal offense."** Simply saying that because it is a controlled substance in the state, it can be used to enhance a federal sentence, was tried already by the government in <u>Esquivel-Quintana v. Sessions</u> 137 S. Ct. 1562 (2017). There, the supreme rejected such reasoning by stating that:

> "The government's definition turns the categorical approach on its head by defining the generic federal offense as whatever is illigal under the law of the State conviction."

In other words, the proper application of the categorical approach **always** requires that the elements of the state offense be compared to the "generic federal offense." See <u>Taylor</u>, 495 U.S., at 591, 110 S. Ct. 2143, 109 L. Ed 2d 607 (requiring "a clear indication that ... Congress intended to abandon its general approach of using unifrom categorical definitions to identify predicate offenses"), Id.; See also <u>Moncrieffe v. Holder</u>, 569 U.S. 184 (2012)("Accordingly, a state offense is a categortical match with a generic federal offense only if a conviction of the state offense **necessarily involves fact equating to the generic federal offense**."); and <u>United States v. Castleman</u>, 188 L. Ed 2d 426 (2014)("We may accordingly apply the modified categorical approach, consulting the indictment to which Castleman plead guilty in order to determine whether his conviction did entail the elements necessary to constitute the generic federal offense.").

Under federal law and the categorical approach, a federal charge of possession with intent to distribute a controlled substance, makes "cotrolled substance" an element of the offense that must be proven to a jury in order for the defendant to be found guilty. See <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016)("Elements are the constituent parts of **a crime's legal definition** -- the things the prosecution must prove to sustain a conviction. At trial, they are what the jury must find beyond a reasonable boubt to convict the defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty."). And, under federal law, the federal generic offense must be for a substance that is a "controlled substance" under the Controlled Substance Act. This means that under the Supreme Court's ruling in <u>Descamps</u>, and <u>Mathis</u>, if the state punishes more substances than are listed in the Controlled Substance Act, it sweeps more broadly than the federal generic offense. and if the statute is divisible, the modified categorical approach

oly allows the government to look at certain documents to determine which portion/section of the statute the defendant was charged with violating. See Mathis. It is in this part of the analysis that the court in United States v. Smith, 681 F. App'x 438, 489 (6th Cir. 2017) went astray. The court in Smith did not decide whether Illinois statute was either "divisible" or "not divisible." That was the first mistake in their application of the categorical approach. There next mistake was stating, without any case law, or application note from the guidelines to support such a statement, that "Because there is no requirement that a particular comntrolled substance underlying a state conviction aslo be a controlled substance by the federal government ..." it is a predicate offense. In other words, Smith was denied the "due process" of having his prior state conviction subjected to a true categorical analysis.

Lastly, even if the Illinois statute is divisible, the specific section of that statute that Smith plesad guilty to, like the specific Ohio statute that thie Movnt plead guilty to, list "analogs" as an alternative means of committing the offense of distributing marijuana. In fact every section of the statute includes a particular controlled substance, and that substances analog. There is no seperate section of either the Illinois or Ohio statute that does not include the actual drug, and that drug's analog. But, under the categorical approach we never get that far simply because the statute is far broader than the generic federal offense, and not divisible, therefore the categorical approach, applied in the manner set fourth by the Supreme Court in Taylor, Descamps, and Mathis, clearly shows that a conviction under Ohio statute 2925.03(A)(2) is not a proper predicate under the Guidelines.

### Law Of The Circuit Must Yeild To Clear Supreme Court Precedent

The proper way of applying the categorical approach by comparing the state statute with the generic federal offense has been clearly set forth and reinforced time and time again be the Supreme Court as evidence by wealth of Supreme Court case law contained herein. These Supreme Court cases represent the highest controlling authority on the correct application of the categorical approach.

This court is not bound by any Circuit case law that applies the categorical approach in a manner inconsistent with clear Supreme Court precident.

### The Rule of Lenity Also Applies To This Petitioner's Argument

Since petitioner has supported his position with the very words of the United States Supreme Court, if his argument and the argument the government makes is a "tie", or if there is any ambiguity, the rule of lenity requires that this court

decide this issue in favor of this petitioner. See United States v. Ford, 560 F. 3d 420, 425 (6th Cir. 2009)("When ambiguity clouds the meaning of a criminal statute, the tie must go to the defendant."). The ford court went on to make it clear that: "A party's position in a case, even when that party is the United States, does not dictate the meaning of federal law."

Therefore, in light of the above, this court should find that petitioner's prior conviction for distribution of marijuana is not a proper predicate for enhancement under the Guidelines.

Ohio Post Release Control

In regards to petitioner's issue that he was not under Post Release Control because that portion of his State sentence was voided by the State. The government puts all it's eggs in one basket by saying that the State sentencing court declined to amend petitioner state judgment to clearly say that the Post Release Control was "void" means that the Post Release Control was merely terminated, and not voided.

But the government's position ignores both Sixth Circuit precedent, and the precedent of the Ohio State Supreme Court.

As petitioner pointed out that in United States v. Tally, 470 Fed. Appx. 495 (6th Cir. 2012), the Sixth Circuit Court of Appeals noted that:

> "The Ohio States Supreme Court in Ohio v. Fischer, 128 Ohio St. 3d 92. 2010 Ohio 6238 (Ohio 2010), **explicitly held** that the failure of a state trial court to follow the correct statutory procedure for post-release control **void only that portion of the sentence that delt with post-release control**"

The Sixth Circuit went on to say that:

> "We simiarly hold that when a judge fails to impose statutorily mandated post release control as part of a defendant's sentence, **that part of the sentence is void and must be set aside**. Neither the [Ohio] Constitution nor Common sence commands anything more." Id.

The governmant provides no case law from either the federal or state court that controdict the clear statements by both the Ohio State Supreme Court and the Sixth Circuit. The government knows or should know the meaning of the word void because that meaning has never changed. "Void_ means "ineffectual; nugatory; having no legal force or binding effect; **unable in law to support the porpose for which it was intended** See Black's Law 6th Ed., pg. 1573.

- 5 -

Again, this petitioner has cited the <u>highest controlling authority</u>, which is binding on this court. And again, if there is any ambiguity, it should be resolved in favor of petitioner. Therefore, this court should grant all of the relief requested in petitioner's § 2255 petition.

Respectfully Submitted:

*Ryan D. Malone*
Ryan D. Malone, pro-se
Reg. No. 30802-160
FCI Gilmore
P.O. Box 6000
Glenville, WV 26351

## CERTIFICATE OF SERVICE

I certify that I have placed a copy of this Reply to the Government's Response in the institutional legal mail, for delivery by the United States Postal Service to the United States District Court for the Northern District of Ohio, in a sealed envelope, with postage pre-paid, and an additional copy sent to all parties whose names and addresses appear below, on this 10th day of April, 2018.

Elliot Morrison
Assistant United States Attorney
United States Courthouse
801 West Superior Ave., Suite 400
Cleveland, OH 44 113

*Ryan D. Malone*
Ryan D. Malone