PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN D. MALONE, | ) | CASE NO. 1:17CV2290 |
| | ) | [1:14CR438] |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| UNITED STATES OF AMERICA, | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 138, 140, 146 and |
| Respondent. | ) | 152] |

Pending before the Court is Petitioner's Motion to Vacate under 28 U.S.C. § 2255. ECF No. 138. The Government has responded. ECF No. 141. Petitioner filed a reply in support of his Petition. ECF No. 148. Petitioner also filed two separate supplemental pleadings to his Section 2255 motion. The first pleading was timely filed. ECF No. 140. Petitioner then twice moved the Court for leave to amend or supplement his motion. ECF Nos. 146 and 152. Petitioner's second pleading was both untimely and erroneously captioned as an "amended petition." ECF No. 153.

The Court has reviewed the parties' briefs, responses, and governing law. The Court grants Petitioner's first and third motions to supplement his Section 2255 motion. ECF Nos. 140

(1:17CV2290)

and 152.  The second motion is moot.[1]  ECF No. 146.  The Court denies Petitioner's Section 2255 Motion to Vacate.  ECF No. 138.

## I. Background

On December 9, 2014, Petitioner was indicted and charged with being a Felon in Possession of a Firearm or Ammunition, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 141 at PageID #: 999.  Petitioner pled guilty without a plea agreement.  *Id.*  On July 2, 2015, the Court sentenced Petitioner to 120 months of imprisonment.  ECF No. 138 at PageID #: 954.  In deciding the sentence, the Court found that Malone's total offense level was 27 and that his criminal history category was VI.  ECF No. 141 at PageID #: 999.  The corresponding guidelines range was 120 months, with the statute capping the otherwise-applicable range of 130 to 162 months.  *Id.*

### A. First Appeal from Sentencing

On appeal, Petitioner challenged his sentence calculation.  *United States v. Malone*, No. 15-3765, 2016 WL 1696871, at *3 (6th Cir. Apr. 27, 2016).  First, Petitioner argued that, under

---

[1] Following Petitioner's second motion to amend or supplement his Section 2255 motion, the Court twice ordered Petitioner to clarify the amendment Petitioner sought to add.  Petitioner did not provide this clarification until nearly one month after filing his third motion to supplement his Section 2255 motion.  Because the Court grants Petitioner's third motion to supplement, the second motion is duplicative and therefore moot.

2

(1:17CV2290)

the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior conviction for aggravated burglary was not a "crime of violence" under U.S.S.G. § 2K2.1(a)(2). In light of *Johnson*, the Government conceded that the aggravated burglary conviction did not qualify, and the Sixth Circuit agreed. ECF No. 141 at PageID #: 999. Second, Petitioner claimed that the court improperly increased his offense level for using or possessing the firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). *Malone*, 2016 WL 1696871, at *3. The Sixth Circuit held that Malone had waived the issue by withdrawing his objection to the enhancement before sentencing. *Id.* Accordingly, the Sixth Circuit "vacate[d] the judgment and remanded for reconsideration in light of *Johnson*." *Id.*

### B. Remand to District Court for Resentencing

On remand, the Court resentenced Petitioner. ECF No. 141 at PageID #: 1000. The Court adopted the Pre-Sentence Report's application of a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A) based on Petitioner's conviction of a controlled substance offense prior to the instant offense. *Id.* During the resentencing, Petitioner's counsel explained that Petitioner wished to object to treating his drug trafficking conviction as a controlled substance offense, despite counsel's "belie[f] that argument does not have merit." *Id.* The Court applied a four-level enhancement for possessing the firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B) and a two-level enhancement for the gun being stolen under U.S.S.G. § 2K2.1(b)(4). *Id.* These measures resulted in an adjusted offense level of 26, before reducing

3

(1:17CV2290)

by three levels for acceptance of responsibility to an offense level of 23. *Id.* The Court also found that Petitioner's two prior convictions — one in state court for trafficking, and one in federal court for a prior Section 922(g) violation — should count separately. *Id.* at PageID #: 1001. These measures yielded a finding of Criminal History Category VI. *Id.*

Petitioner's resulting Guidelines range for a total offense level of 23 and Criminal History Category VI was 92 to 115 months. *Id.* Exercising its authority under 18 U.S.C. § 3553(a), the Court varied upwards, imposing a 120 month sentence. *Id.*

### C. Petitioner's Appeal from Resentencing

On appeal, Petitioner's attorney challenged (1) the Court's application of the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) and (2) the substantive reasonableness of Petitioner's sentence. ECF No. 138 at PageID #: 968. The Sixth Circuit affirmed the Court's findings. *Id.* at PageID #: 969.

During the pendency of the appeal, Petitioner requested counsel to raise two additional arguments: (1) that Petitioner's prior conviction under R.C. § 2925.03(A)(2) was not a "controlled substance offense," and (2) that his Criminal History Category was unduly enhanced under U.S.S.G. § 4A1.1(d). *Id.* at PageID #: 968-69. Petitioner's counsel did not raise either argument. *Id.* at PageID #: 969.

4

### D. Petitioner's Motion to Vacate and Attempts to Supplement

On October 30, 2017, Petitioner filed his Motion to Vacate under 28 U.S.C. § 2255. ECF No. 138. Petitioner moved to supplement his Section 2255 motion on January 29, 2018. ECF No. 140 at PageID # 979. The motion to supplement included his supplemental pleading. *Id.* The Government responded to Petitioner's Section 2255 motion. ECF No. 141. Petitioner filed a reply in support. ECF No. 148.

Prior to replying, Petitioner sought leave to amend under Fed. R. Civ. P. 15(c)(1)(A) or, in the alternative, to supplement his motion under Rule 15(d). ECF No. 146. The Court ordered Petitioner to clarify the amendment Petitioner sought to add to his motion within 14 days. ECF No. 147. In response, Petitioner filed a Notice of Clarification in which he stated his intent to supplement his motion under Rule 15(d). ECF No. 149. The Court again ordered Petitioner to clarify the content of his amendment within 14 days. ECF No. 150. Petitioner, without clarifying the content of his amendment, again stated his intent to supplement his motion under Rule 15(d). ECF No. 151.

Over two months after the Court's order had been issued, Petitioner filed a Motion for Leave to Amend the Pleadings By Supplementing the Claims Already Raised, and thereby requesting an extension of time to submit an amended pleading through July 22, 2018. ECF No. 152. Petitioner filed his Amended Pleading on August 8, 2018. ECF No. 153.

## II. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

5

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a Section 2255 motion, the movant must allege as a basis for relief: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496 97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

### III.  Discussion

Petitioner alleges ineffective assistance of counsel because his attorney failed to make several arguments on appeal. ECF Nos. 138 & 153. Petitioner also claims that, in determining the propriety of a sentencing enhancement under U.S.S.G. § 2k2.1(b)(6)(B), the Court may not consider "acquitted, dismissed, or uncharged facts" without violating his due process rights. ECF No. 140. Finally, Petitioner argues that the Court does not have the power to adjudicate criminal matters under Article III of the Constitution. ECF No. 153.

**A. Petitioner's Supplemental Pleadings**

Federal Rule of Civil Procedure 15 governs amendments and supplemental pleadings to habeas petitions in a Section 2255 proceeding. *See, e.g.*, *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005); *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir.1999). Leave to amend or supplement a pleading should be freely granted in the absence of reasons such as undue delay, bad faith, or dilatory motive on the part of the movant. *Foman v. Davis*, 371 U.S. 178, 182. The

6

(1:17CV2290)

granting or refusing of leave to file an amended or supplemental pleading ultimately rests in the discretion of the district court. *Schuckman v. Rubenstein*, 164 F.2d 952, 958 (6th Cir. 1947).

Petitioner's first motion to supplement his Section 2255 motion was filed over two weeks before the Government's response to Petitioner's Section 2255 motion. ECF No. 140. Granting Petitioner's first motion to supplement his Section 2255 motion will not prejudice the Government. Accordingly, the Court grants Petitioner's first motion to supplement his Section 2255 motion.

Petitioner's August 8, 2018 supplemental pleading[2] was filed over three months after the Court ordered Petitioner to clarify the content of the amendment Petitioner sought to add to his petition. ECF Nos. 150 & 153. Nevertheless, the Court will, in its discretion, grant Petitioner's third motion to supplement his Section 2255 motion and analyze the merits of Petitioner's arguments. ECF No. 152.

**B. Ineffective Assistance of Counsel**

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided that the petitioner can demonstrate counsel's ineffectiveness by a preponderance of the

---

[2] An amended pleading entirely replaces the earlier pleading with a new pleading containing matters that occurred prior to the filing of the original complaint, while a supplemental pleading stands with the original and adds to it facts happening after the filing of the pleading to which it is a supplement. *See Francis ex rel. Estate of Francis v. Northumberland County*, 636 F. Supp. 2d 368, 383 (M.D. Pa. 2009); *Habitat Educ. Center, Inc. v. Kimbell*, 250 F.R.D. 397, 401-02 (E.D. Wis. 2008). Although Petitioner's August 8, 2018 submission is entitled "Amended Pleadings to 28 U.S.C. § 2255 Collateral Attack on a Conviction," he requests the Court "take notice that the previously filed claims and issues are still reserved for consideration, and that these amended claims are to be considered as in addition to those already on file." ECF No. 153 at PageID #: 1067. The Court will treat Petitioner's submission as a supplemental pleading under Rule 15(d).

7

(1:17CV2290)

evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 F. App'x. 73, 76 (6th Cir. 2003). To establish ineffective assistance of counsel, a petitioner must first demonstrate that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Next, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id*. "This requires showing that counsel's errors were so serious as to deprive [the petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

Petitioner contends that he received ineffective assistance of counsel when Petitioner's counsel, upon Petitioner's request, declined to raise two arguments: (1) that Petitioner's prior conviction under R.C. § 2925.03(A)(2) was not a "controlled substance offense," and (2) that his Criminal History Category was unduly enhanced under U.S.S.G. § 4A1.1(d). ECF No. 138 at PageID #: 968-69. Because Petitioner can neither show deficiency nor actual prejudice, Petitioner's claim fails the *Strickland* test.

### 1. Deficiency

Counsel's performance is deficient when the representation falls below an "objective standard of reasonableness." *Strickland.* 466 U.S. at 688. While trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1250 (6th Cir. 1984). A petitioner must overcome the strong presumption that counsel's conduct fell "within the wide

8

range of reasonable professional assistance," and that "the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Petitioner's assertion that he requested his counsel to present two arguments on appeal, both of which his counsel chose not to bring, is insufficient to rebut the presumption of reasonable professional assistance. Both arguments are without merit. The decision to refrain from bringing a meritless claim on appeal is objectively reasonable and cannot support a finding of deficiency. *E.g.*, *Hawkins v. Hannigan*, 185 F.3d 1146, 1157-58 (10th Cir. 1999) (appellant's counsel was not ineffective for failing to raise meritless claim).

### a. R.C. § 2925.03(A)(2)'s Applicability as a Controlled Substance Offense Under U.S.S.G. § 4B1.2(b)

To determine whether a given law is a controlled substance offense within the meaning of U.S.S.G. § 4B1.2(b), the Sixth Circuit applies the two-step "categorical approach." *United States v. Pittman*, No. 17-1891, 2018 WL 2446697, at *2 (6th Cir. May 31, 2018); *see Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016). First, the Court determines whether the statute is divisible ― that is, if it lists elements in the alternative such that the statue comprises multiple, alternative versions of the crime. *Pittman*, 2018 WL 2446697, at *2 (citations omitted). If so, the Court employs the "modified categorical approach" and consults "a limited class of documents" to determine which alternative formed the basis of the defendant's prior conviction. *Id.* These documents include, but are not limited to, the indictment, jury instructions, or plea agreement and colloquy. *Shepard v. United States*, 544 U.S. 13, 16 (2005). At the second step, the Court determines whether the offense, as described by either the entirety of an indivisible statute or by the relevant alternative of a divisible statute, matches U.S.S.G. § 4B1.2(b)'s

9

(1:17CV2290)

definition of a "controlled substance offense." *Pittman*, 2018 WL 2446697, at *2. If so, the law is a controlled substance offense within the meaning of § 4B1.2(b).

Petitioner contends the application of U.S.S.G. § 2K2.1(a)(4)(A) was improper because his prior criminal conviction in state court does not constitute a "controlled substance offense" under the sentencing guidelines. ECF No. 138 at PageID #: 970. In support of his claim, Petitioner argues that R.C. § 2925.03(A)(2) is indivisible. *Id.* at PageID #: 971. R.C. § 2925.03(A)(2) includes "controlled substance analogs" and U.S.S.G. § 4B1.2(b) does not. *Id.* Petitioner asserts that the state statute therefore "punishes a larger swath of conduct" and is not a controlled substance offense under the sentencing guidelines. *Id.* at PageID #: 972-73.

Contrary to Petitioner's assertion, R.C. § 2925.03(A)(2) is divisible as to the particular substance. As the Government correctly points out, "[a]lthough subsection section (A)(2) refers to controlled substances generally, subsection (C) provides a lengthy sentencing structure that determines the severity of the Ohio drug trafficking offense based primarily on the type of controlled substance, the amount of controlled substance, and any aggravating location." ECF No. 141 at PageID #: 1007-08. Because R.C. § 2925.03 sets forth more than one criminal offense with the identity of each being determined by the type of controlled substance involved, the statute is divisible as to the particular substance. *See United States v. Wahid*, No. 1:18-424, 2018 WL 2717287, at *10 (N.D. Ohio June 6, 2018) (Gwin, J.) (holding that R.C. § 2925.04 is divisible because it defines multiple crimes).

Applying the modified categorical approach as set forth in the charging instrument, Petitioner's prior conviction under R.C. § 2925.03 was for trafficking marijuana. ECF No. 141 at PageID #: 1008; *see also* ECF No. 122 at PageID # 866. Trafficking marijuana, a federally

10

(1:17CV2290)

controlled substance, falls under the ambit of U.S.S.G. § 4B1.2(b) as a predicate offense for a sentence enhancement.  *See* ECF No. 141 at PageID # 1008.

Even if R.C. § 2925.03 were indivisible, the entirety of the statute matches U.S.S.G. § 4B1.2(b)'s definition of a controlled substance offense.  The Sixth Circuit has consistently held that a violation of R.C. § 2925.03 categorically qualifies as a controlled substance offense under federal sentencing guidelines.  *See, e.g.*, *United States v. Allen*, 711 F. App'x. 781 (6th Cir. 2017) ("[A] conviction under Ohio Revised Code § 2925.03(A)(1) categorically qualifies as a controlled substance offense under U.S.S.G. § 4B1.2(b)."); *United States v. Robinson*, 333 F. App'x 33, 35-36 (6th Cir. 2009) ("Because § 2925.03(A)(2) includes an element of 'manufacture, import, export, distribution, or dispensing,' or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b).").

The fact that state law criminalizes a substance that is not criminalized under federal law, when federal sentencing guidelines specifically include offenses under state law, does not prevent conduct prohibited under the state statute from categorically qualifying as a predicate offense. *United States v. Smith*, 681 F. App'x. 483 (6th Cir. 2017).  In *Smith*, the defendant was convicted of violating 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 485.  The district court determined that Smith's prior convictions in Illinois state court under 720 Ill. Comp. Stat. § 570/401 were predicate controlled-substance offenses that justified enhancement of his sentence under the Guidelines' career-offender provision, U.S.S.G. § 4B1.1.  *Id.* at 485-86.  On appeal, Smith asserted that the state law referenced "controlled substance analogs," which were not explicitly prohibited under federal law.  *Id.* at 489.  By that reasoning, Smith's prior state court convictions

11

(1:17CV2290)

could not serve as predicate controlled-substance offenses. *Id.* The Sixth Circuit rejected this argument:

> Because there is no requirement that the particular controlled substance underlying a state conviction also be controlled by the federal government, and because the Guidelines specifically include offenses under state law in § 4B1.2, the fact that Illinois may have criminalized the "manufacture, import, export, distribution, or dispensing" of some substances that are not criminalized under federal law does not prevent conduct prohibited under the Illinois statute from qualifying, categorically, as a predicate offense. Smith's prior convictions under 720 Ill. Comp. Stat. § 570/401(d) thus are predicate offenses.

*Id.*

Whether the Court looks to Petitioner's specific offense as set forth under the charging instrument or R.C. § 2925.03(A)(2) in its entirety, the offense matches U.S.S.G. § 4B1.2(b)'s definition of a "controlled substance offense" under the *Pittman* two-step "categorical approach." Petitioner's counsel, therefore, acted reasonably by choosing not to bring this claim on appeal.

### b. Termination of Petitioner's Post-Release Control

Under U.S.S.G. § 4A1.1(d), a defendant shall receive a two-point enhancement if the crime was committed while "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." At the time of Petitioner's federal offense, Petitioner was under supervision by parole. ECF No. 141 at PageID #: 1009. Petitioner contends that, because his post-release control was "voided," he did not commit the crime while under a criminal justice sentence. ECF No. 138 at PageID #: 974-75.

(1:17CV2290)

The record, however, shows that Petitioner's post-release control was terminated, not voided.  *After* committing the offense, Petitioner successfully moved the Cuyahoga County Court of Common Pleas to terminate post-release control for his state court conviction.  *Ohio v. Malone*, Case No. CR-04-452774 (Cuyahoga Cty. Ct. C.P.).  Petitioner then moved the court to retroactively void, rather than terminate, his post-release control.  *Id.*  The court denied the motion.  *Id.*

Because the effect of the termination simply ended his post-release control as of the date of the Cuyahoga County Court of Common Pleas' order, Petitioner's post-release control was still in effect at the time of his conviction.  Petitioner's argument accordingly fails.

### 2. Prejudice

To satisfy the prejudice requirement of *Strickland*, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  When the analysis involves a guilty plea, the petitioner must show a reasonable probability that the petitioner would have pleaded differently.  *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003).  The failure to satisfy either requirement proves fatal to an ineffective assistance of counsel claim.  *Strickland,* 466 U.S. at 697.

Because Petitioner's claims would fail on the merits, Petitioner has not shown that his counsel committed an error, much less one resulting in a reasonable probability of a different outcome.

13

(1:17CV2290)

### C. Due Process for Sentencing Enhancement

It is well-settled law in the Sixth Circuit that the government bears the burden of establishing the factors supporting a sentencing enhancement under U.S.S.G. § 2k2.1(b)(6)(B) by a preponderance of the evidence. *E.g.*, *United States v. Jackson*, 877 F.3d 231, 236 (6th Cir. 2017); *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014); *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011). The enhancement applies if there is a nexus between the firearm and an independent felony. *United States v. Davis*, 372 F. App'x. 628, 629 (6th Cir. 2010). The felony need not be charged in order for the enhancement to apply. *Id.*

In his January 29 supplemental pleading, Petitioner asserts that the Government may only rely upon facts arising out of a final conviction in supporting a sentencing enhancement under U.S.S.G. § 2k2.1(b)(6)(B). ECF No. 140 at PageID#: 980. He contends that consideration of "acquitted, dismissed, or uncharged facts" violates his due process rights, relying on *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). *Id.*

Petitioner's argument is unavailing because *Nelson* does not support his argument. *Nelson* stands for the proposition that the State may not deprive defendants of their property rights upon acquittal of the charge supporting the deprivation of those rights. *Nelson*, 137 S. Ct. at 1251. The acquittal of such charges restored the defendants' presumption of innocence. *Id.* Petitioner, in contrast, has *not* been vindicated of wrongdoing. Rather, as the Court observed, the Government has met its burden by providing evidence linking Petitioner to the commission of an independent felony. ECF No. 122 at PageID #: 846-51. Petitioner fails to provide any other legal support for his claim that the Court may not consider "acquitted, dismissed, or uncharged

14

(1:17CV2290)

facts" in considering the propriety of an enhancement under U.S.S.G. § 2k2.1(b)(6)(B). Petitioner accordingly has not shown that his due process rights were violated.

### D. Petitioner's Other Constitutional Claims

In his supplemental pleading, Petitioner makes three separate claims. First, he argues that his counsel's failure to challenge his conviction on the ground that Congress lacked authority under the Commerce Clause to enact criminal legislation amounts to ineffective assistance of counsel. ECF No. 153 at PageID #: 1067-75. Second, Petitioner claims that his counsel's failure to argue that the Tenth Amendment precludes enforcement of 18 U.S.C. § 922 constitutes ineffective assistance of counsel. *Id.* at PageID #: 1075-78. Finally, Petitioner asserts that Article III standing does not extend to criminal matters. *Id.* at PageID #: 1078-87.

None of these arguments have merit. Numerous jurisdictions have determined 18 U.S.C. § 922 to be constitutional under both the Commerce Clause and the Tenth Amendment. *See, e.g.*, *United States v. Baker*, 197 F.3d 211, 217-18 (6th Cir. 1999) (18 U.S.C. § 922 does not run afoul of the Commerce Clause); *United States v. Baer*, 235 F.3d 561, 563 n.6 (10th Cir. 2000) (18 U.S.C. § 922 is constitutional under both the Commerce Clause and Tenth Amendment); *United States v. Minnick*, 949 F.2d 8, 10-11 (1st Cir. 1991) ("The integrity of New Hampshire, which the 10th Amendment protects, is not violated by [18 U.S.C. § 922(g)]"). Nor could either of these arguments serve as the basis for a claim for ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687. Finally, federal courts have been adjudicating criminal cases throughout the country's history. Petitioner's claims do not withstand legal scrutiny.

(1:17CV2290)

### IV. Conclusion

For the foregoing reasons, the Court grants Petitioner's first and third motions to supplement his Section 2255 motion and denies Petitioner's Motion to Vacate, Set Aside or Correct Petitioner's Sentence under 18 U.S.C. § 2255. ECF Nos. 138, 140 & 152. Petitioner's second motion to amend or supplement is moot. ECF No. 146.

IT IS SO ORDERED.

   October 31, 2018                              /s/ Benita Y. Pearson
Date                                             Benita Y. Pearson
                                                 United States District Judge