*# Exhibit #1*

---

**UNITED STATES OF AMERICA, Appellee, v. TYREK TOWNSEND, Defendant-Appellant.**
**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
897 F.3d 66; 2018 U.S. App. LEXIS 20345
No. 17-757-cr
March 7, 2018, Argued
July 23, 2018, Decided

---

**Editorial Information: Prior History**

On Appeal from the United States District Court for the Eastern District of New York.
For purposes of United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.2(b), "[t]he term 'controlled substance offense' means an offense under federal or state law . . . that prohibits . . . distribution . . . of a controlled substance." (emphasis added).
This case presents the question of how to define "controlled substance" in § 4B1.2(b): Does that term include only substances controlled by federal law under the Controlled Substances Act ("CSA")? Or does it also include substances regulated by state law but not by federal law?
Because we find that "controlled substance" refers exclusively to substances controlled by the CSA, we VACATE the judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, Chief Judge) and REMAND for resentencing.United States v. Townsend, 2016 U.S. Dist. LEXIS 82174 (E.D.N.Y., June 23, 2016)

**Counsel** DAVID K. KESSLER, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.
DANIEL HABIB, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant-Appellant.
**Judges:** Before: CABRANES and CARNEY, Circuit Judges, and VILARDO, District Judge.*

**CASE SUMMARY** The reference to "controlled substance" in U.S. Sentencing Guidelines Manual § 4B1.2(b) referred exclusively to those drugs listed in the federal Controlled Substances Act (CSA) because the U.S. Sentencing Guidelines Manual, as federal law, were interpreted as applying federal definitions unless Congress plainly indicated otherwise.

**OVERVIEW:** HOLDINGS: [1]-The reference to "controlled substance" in U.S. Sentencing Guidelines Manual § 4B1.2(b) referred exclusively to those drugs listed in the federal Controlled Substances Act (CSA) because the U.S. Sentencing Guidelines Manual, as federal law, were interpreted as applying federal definitions unless Congress plainly indicated otherwise; [2]-The district court erred in including defendant's state conviction under N.Y. Penal Law § 220.31 as a predicate offense for purposes of increasing his Guidelines range under U.S. Sentencing Guidelines Manual § 2K2.1(a) because the New York statutes included more substances than the CSA and defendant could have been convicted for conduct not prohibited by the CSA.

**OUTCOME:** Vacated and remanded.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

30802160