UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| RYAN D. MALONE, | ) | **FILED** May 22, 2019 DEBORAH S. HUNT, Clerk |
| Petitioner-Appellant, | ) | |
| v. | ) | O R D E R |
| UNITED STATES OF AMERICA, | ) | |
| Respondent-Appellee. | ) | |

Ryan D. Malone, a federal prisoner proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence under 28 U.S.C. § 2255. Malone has filed an application for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b). He also moves to proceed in forma pauperis.

In 2014, a federal grand jury indicted Malone on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Malone pleaded guilty without a plea agreement, and the district court sentenced him to 120 months of imprisonment. On appeal, this court vacated the district court's judgment and remanded the case for resentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Malone*, 646 F. App'x 454, 457-58 (6th Cir. 2016).

On remand, the district court applied a base offense level of 20 pursuant to USSG § 2K2.1(a)(4)(A), based on Malone's prior conviction for a controlled substance offense. The district court eventually calculated Malone's total offense level as 23 with a criminal history

category of VI, resulting in a guidelines imprisonment range of 92 to 115 months. The district court varied upward and imposed a sentence of 120 months. On appeal, counsel challenged Malone's sentence but declined Malone's request to challenge whether his prior Ohio drug trafficking conviction for violating Ohio Revised Code § 2925.03(A)(2) qualified as a "controlled substance offense" under the Guidelines. This court rejected counsel's arguments and affirmed the judgment of conviction and sentence. *See United States v. Malone*, No. 16-4347 (6th Cir. Sept. 12, 2017) (order).

In 2017, Malone filed a § 2255 motion and supplements, arguing, in relevant part, that appellate counsel was ineffective for failing to challenge the application of an enhanced base offense level under § 2K2.1(a)(4)(A) based on his prior Ohio drug trafficking conviction, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013). The district court denied the § 2255 motion, concluding that appellate counsel was not ineffective because the proposed claim lacked merit.

Malone seeks a COA reasserting his argument that the § 2K2.1(a)(4)(A) enhancement was improper because his prior conviction under § 2925.03(A)(2) does not qualify as a controlled substance offense. However, Malone does not seek to challenge the district court's rejection of the remaining claims asserted in his § 2255 motion and supplements. Therefore, those issues have been abandoned and will not be reviewed. *See Jackson v. United States*, 45 F. App'x 382, 385 (6th Cir. 2002).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court's denial is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For Malone's sole remaining constitutional claim of ineffective assistance of appellate counsel, he must first show that his counsel was objectively unreasonable, then he must show prejudice—"a reasonable probability that, but for his counsel's unreasonable failure . . . , he would have prevailed on his appeal." *Smith*

*v. Robbins*, 528 U.S. 259, 285 (2000); *see Strickland v. Washington*, 466 U.S. 668, 687–91 (1985). To show ineffective assistance when appellate counsel presents one argument instead of another, "the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith*, 528 U.S. at 288).

Malone argues that, in light of *Mathis*, his prior Ohio drug trafficking conviction does not qualify as a controlled substance offense. A controlled substance offense is defined as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b); *see* § 2K2.1, comment (n.1). To determine if a prior conviction qualifies as a controlled substance offense, a reviewing court employs a "categorical approach" that compares the statutory definition of the crime with the definition of a controlled substance offense. *United States v. Woodruff*, 735 F.3d 445, 449 (6th Cir. 2013). When an offense contains alternative elements, it is divisible, and a "modified categorical approach" may be used to ascertain which version of a particular crime a defendant committed. *Descamps*, 570 U.S. at 261–63. Under the modified categorical approach, courts review "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. However, when an offense does not list alternative elements but instead contains alternative means of committing a single element, that offense is not divisible and thus not subject to the modified categorical approach. *Id.* at 2251.

Malone contends that § 2925.03(A)(2)'s definition of sale is broader than the federal definition because it includes mere transporting offenses. The statute provides that no person shall knowingly:

> Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows

> or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

Ohio Rev. Code § 2925.03(A)(2). This court has previously determined that a conviction under § 2925.03(A)(2) is a controlled substance offense because it "includes an element of 'manufacture, important, export, distribution, or dispensing,' or intent to do those things," such that it "falls within the ambit of U.S.S.G. § 4B1.2(b)." *United States v. Robinson*, 333 F. App'x 33, 36 (6th Cir. 2009); *see also United States v. Wright*, 43 F. App'x 848, 853 (6th Cir. 2002).

But we have not decided, post-*Mathis*, whether § 2925.03(A)(2) is a divisible or indivisible statute. Arguably, the prohibited actions in § 2925.03(A)(2) are a list of alternative means, not alternative elements, of committing the offense of drug trafficking. If the statute is indivisible, we must consider whether an offense that includes as a means of its commission "transport . . . [of] a controlled substance . . . when the offender *knows or has reasonable cause to believe* that the controlled substance . . . is intended for sale or resale by the offender *or another person*," Ohio Rev. Code § 2925.03(A)(2) (emphasis added), falls under the definition of a controlled substance offense, which requires "intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Under the Ohio statute, an offender may transport a drug with "reasonable cause to believe" that another person might sell the drug, which may not categorically qualify as a drug trafficking offense. Ohio Rev. Code § 2925.03(A)(2). Malone's argument that the Ohio drug trafficking statute is broader than the federal controlled substance offense is therefore not wholly without merit.

Malone's appellate counsel raised two issues—that Malone's sentence was improperly enhanced under USSG § 2K2.1(b)(6)(B) and that his sentence was unreasonable based on the district court's giving unreasonable weight to his criminal history. Both arguments involved a deferential standard of review: clear error for the factual determination surrounding the § 2K2.1(b)(6)(B) enhancement and abuse-of-discretion for sentencing reasonableness. *See Malone*, No. 16-4347 (6th Cir. Sept. 12, 2017) (order); *see also United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2011); *United States v. Robinson*, 778 F.3d 515, 518 (6th Cir. 2015). This court previously noted that the two arguments made on direct appeal were not supported by the record

or by any authority. *Malone*, No. 16-4347 (6th Cir. Sept. 12, 2017) (order). By contrast, we review de novo legal conclusions regarding application of Guideline provisions, *United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006), and there is no binding authority foreclosing Malone's *Mathis* argument. We therefore find that the *Mathis* argument was "clearly stronger" than the two arguments presented, *Caver*, 349 F.3d at 348, and "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Malone has "made a substantial showing of the denial of a constitutional right" to the effective assistance of counsel. 28 U.S.C. § 2253(c)(2).

Accordingly, Malone's application for a COA is **GRANTED**, and the motion to proceed in forma pauperis is **GRANTED**. Pursuant to the court's authority under 18 U.S.C. § 3006A, it is **ORDERED** that counsel be appointed to represent Malone on appeal.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk