IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:14CR438 |
| | ) | 1:17CV2290 |
| Plaintiff–Respondent, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RYAN D. MALONE, | ) | RESPONSE IN OPPOSITION TO |
| | ) | MOTION FOR INDICATIVE RULING |
| Defendant–Petitioner. | ) | ON RULE 60(b) MOTION REGARDING |
| | ) | *REHAIF* |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Elliot Morrison, Assistant U.S. Attorney, hereby responds in opposition to Defendant–Petitioner Ryan D. Malone's motion for an indicative ruling (R. 165) on a proposed Rule 60(b) motion for relief from judgment, seeking permission to amend yet a different motion—his long-ago filed (R. 89), supplemented (R. 148), purportedly amended (R. 153; R. 157), and ultimately denied (R. 154) Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the following reasons, the Court should not take the extraordinary step of effectively asking the Sixth Circuit to pause pending appellate proceedings so that Malone can again expand his Section 2255 motion to challenge his guilt on specious grounds.

**I.        INTRODUCTION**

Malone is currently in the middle of his third trip to the Sixth Circuit in this matter, and he has never before contested his guilt.  Yet, following the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (requiring proof of defendant's knowledge of his disqualifying prior conviction to convict defendant of violating 18 U.S.C. § 922(g)(1)), he now challenges his conviction.

It is hard to imagine a worse candidate for relief under *Rehaif*.  To begin, Malone has made no substantive argument for how *Rehaif* would affect this 2015 conviction for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).  The likely reason for that absence is simple:  His knowledge of his status as a felon has never been—and cannot be—disputed.  Malone not only has multiple a prior Ohio felony convictions, but also was *previously convicted in 2006 of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1)*.  He has long known that he is a convicted felon, and even that he is prohibited from possessing firearms and ammunition.

This fact dooms his motion on multiple grounds.  First, the Court has discretion in deciding whether to follow the extraordinary procedure for reclaiming jurisdiction from the Court of Appeals and in deciding whether his is the extreme case that warrants relief under Rule 60(b)(6), and this is not such an exceptional case.  Second, granting the relief Malone seeks would constitute an impermissible end run of Congress's prescribed procedural vehicle for bringing an additional challenge to his judgment of conviction after his first has been denied—a successive Section 2255 motion.  Third, he cannot demonstrate a cause and prejudice or actual innocence, as he would be required to do even if he could bring this *Rehaif* claim in an initial Section 2255 motion, because, again, he does not and cannot dispute his knowledge of his prior disqualifying felony convictions.

## II. BACKGROUND

The facts of the underlying case and the winding procedural history of this matter are well known to the Court and documented in the government's prior response to Malone's Section 2255 motion, which response (R. 141) is incorporated by reference here. The government here briefly reviews the most relevant facts and procedural history.

### A. THE JUDGMENTS AND DIRECT APPEALS

On March 6, 2015, without raising any issue about the sufficiency of the indictment or otherwise raising any issue about his knowledge of his status as a felon, Malone pled guilty without a plea agreement to possessing a firearm after being convicted of a felony, in connection with a violent kidnapping and ransom demand. (R. 39: Plea Trans., PageID 130-47). Among his prior adult felonies were the following:

- F1 Aggravated Burglary, Cuyahoga County Common Pleas Court Case No. CR-04-452774 (Aug. 26, 2004);

- F4 Trafficking Offenses with Schoolyard Specification and 1-year Firearm Specification, Cuyahoga County Common Pleas Court Case No. CR-06-483164 (Jan. 4, 2007); and

- Felon in Possession of Firearm and Ammunition (2 counts), U.S. District Court for the Northern District of Ohio Case No. 1:06CR306 (Dec. 19, 2006).

(*See* R. 50: PSR ¶¶ 29, 32, 33, PageID 208, 211-212).

On July 2, 2015, the Court sentenced Malone to 120 months' imprisonment. (R. 60: Judgment, PageID 319-31, 323). Malone appealed, and the case was remanded for resentencing under *Johnson*. *United States v. Malone*, 646 F. App'x 454, 456 (6th Cir. 2016) ("*Malone I*") (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015)). At resentencing, this Court again sentenced Malone to 120 months, and explained that it would have gone above 120 months had

the law allowed it, based on Malone's violent criminal history and the violence attendant to his firearm possession in this case. (R. 122: Resentencing Trans., PageID 873-80). Malone again appealed, and this Court affirmed, holding, *inter alia*, that the district court's 120-month sentence was substantively reasonable. *United States v. Malone*, Appeal No. 16-4347, Doc. 27-2 (unpublished order of September 12, 2017) ("*Malone II*").

      B.     MALONE'S SECTION 2255 CHALLENGE TO HIS SENTENCE AND HIS PENDING APPEAL THEREFROM

On October 30, 2017, Malone filed a timely motion to vacate his sentence under 28 U.S.C § 2255. (R. 138 & 138-1: Malone's § 2255 motion, PageID 954-77). In it, Malone contended that his appellate counsel in *Malone II* had rendered constitutionally ineffective assistance of counsel by failing to raise two issues from his resentencing proceeding: (1) whether his prior state drug-trafficking conviction under Ohio Revised Code § 2925.03(A)(2), which encompasses controlled substance analogs, was a "controlled substance offense" under U.S.S.G. § 4B1.2(b); and (2) whether the early termination of his post-release control actually retroactively "voided" that supervision and foreclosed applying a 2-point increase to his criminal history score under U.S.S.G. § 4A1.1(d). (*Id*., PageID 969-75). Following additional briefing, (R. 141: Government's Response; R. 148: Malone's Reply), and Malone's proposed amendments to his pleadings (R. 153; R. 157), the Court denied his motion, and ultimately dismissed his § 2255 claim and denied his request for a certificate of appealability ("COA") on December 14, 2018. (R. 154: Memorandum Opin. & Order, PageID 1090-1105; R. 158: Dismissal Order, PageID 1114-15). Malone timely appealed. (R. 159, 159-1, 159-2, 159-3: Notice of Appeal, PageID 1116-20).

On May 22, 2019, the Sixth Circuit issued Malone a COA on one claim, albeit on grounds Malone had not previously argued: whether appellate counsel had rendered

constitutionally ineffective assistance by failing to press a claim that Section 2925.03(A)(2) was not a "controlled substance offense" for Guidelines purposes because it criminalized transporting drugs. (*See* Sixth Circuit Case No. 19-3025, Doc. 8-2, Order, Pages 1-5).

While that appeal was pending, Malone filed this motion and supporting brief (R. 165; R. 165-1). He argues that, were this Court to accept the case back from the Sixth Circuit, he would be entitled to relief from judgment under Rule 60(b)(6), the rule's residual clause, and thus that the Court should indicate its intent to grant said relief. The specific form of relief sought is reopening the Section 2255 proceeding "provisionally permitting him to incorporate *Rehaif* into his § 2255 motion," either in addition to or instead of the ineffective assistance claims he originally brought. (R. 165-1: Brief, PageID 1147). Malone claims that his conviction is contrary to *Rehaif* because, consistent with the law of every Circuit at the time, neither the indictment nor the plea hearing specifically addressed Malone's knowledge of his status as a felon, as *Rehaif* requires. But Malone does not expressly state whether his position is that this claim would also meet the legal standard for relief under 28 U.S.C. § 2255. It would not. He also makes no claim that he lacked knowledge of his status as a felon when he possessed the firearm at issue in this case in this case—such a claim being absurd on its face when made by someone who spent 65 months in prison precisely because he already had that status when he possessed other firearms.

### III. <u>LEGAL STANDARD</u>

Malone seeks an indicative ruling on a proposed motion for relief from judgment under Rule 60(b)(6), the residual clause of Rule 60(b), which permits the Court to relieve a party of a final judgment for "any [] reason that justifies relief," "other" than those listed in subsections (b)(1) though (b)(5). Fed. R. Civ. P. 60(b).

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief.

*In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)) (emphasis in *Blue Diamond*).

## IV. ARGUMENT

The government concedes that *Rehaif* applies retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288 (1989); *Welch v. United States*, 136 S. Ct. 1257 (2016). But Malone cannot prevail on his *Rehaif* claim for a variety of reasons. First, the Court would lack jurisdiction over his proffered amendment to his Section 2255 motion, as the amendment is actually a successive Section 2255 claim in disguise. Second, even were that not so, because did not preserve this claim in the trial proceedings and direct appeal, he must show cause and prejudice, or show actual innocence, but cannot make either showing. Finally, for those reasons and others, this is not an "unusual and extreme situation[] where principles of equity mandate relief" under Rule 60(b)(6). *See In re Ferro Corp. Derivative Litig.*, 511 F.3d at 623.

### A. MALONE'S PROPOSED AMENDMENT IS ACTUALLY A SUCCESSIVE SECTION 2255 MOTION, AND HE HAS NOT ATTEMPTED TO—AND CANNOT—MEET THAT STANDARD.

Rule 60(b) is not a vehicle for adding new habeas claims after a 2255 motion has been denied. As the Sixth Circuit has rule in the analogous context of Section 2254 petitions, a Rule 60(b) motion may address issues in claims for relief already raised but cannot add a new claim for relief. *Franklin v. Jenkins*, 839 F.3d 465, 472-73 (6th Cir. 2016). Under Rule 12 of the

Rules Governing Section 2255 Cases, the civil rules apply only "to the extent that they are not inconsistent with any statutory provisions or these rules." As a result, because the statutes governing Section 2255 narrowly circumscribe the circumstances where second claims may be brought, Rule 60(b) does not permit the filing of a second or successive Section 2255 motion without complying with the applicable procedural requirements, including obtaining advanced permission from the Court of Appeals. *Franklin*, 839 F.3d at 472-73.

The question is whether adding this *Rehaif* claim is properly considered an additional habeas claim or an amendment of his original motion. Sixth Circuit case law is clear that it is a successive motion, not an amendment, because it was filed long after this Court denied his motion. *See Moreland v. Robinson*, 813 F.3d 315, 324-35 (6th Cir. 2016). Malone points to *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014), claiming that a motion filed before appellate remedies are exhausted should be treated as a motion to amend rather than a successive habeas motion. *Clark* contains such dicta, but as *Moreland* has explained, that dicta is inconsistent with a prior (and thus controlling) panel decision, holding that a motion filed while the appeal is pending is a successive habeas motion. *See* 813 F.3d at 324-35.

Malone attempts to explain *Moreland* away as concerning only "habeas petitions challenging detention under color of State law" under 28 U.S.C. § 2254, leaving Section 2255 motions subject to a different rule. (R. 165-1: Brief, PageID 1152, n.1). But *Moreland* says nothing of the sort, and instead treats the question as identical in interchangeably analyzing cases dealing with Section 2255 motions and Section 2254 habeas petitions:

> *Clark* held that a post-judgment petition was not second or successive in a case where the petition was filed before the expiration of the time to appeal the district court's denial of the first petition, while our earlier decision in *Post v. Bradshaw,* 422 F.3d 419, 421, 424–25 (6th Cir. 2005), held that a habeas petition *was* a second or successive petition where the petition was filed during the

> pendency of the appeal from denial of the first petition. The two cases together thus require that a Rule 60(b) motion or a motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired. In other words, if the district court has not lost jurisdiction of the original habeas petition to the court of appeals, and there is still time to appeal, a post-judgment motion is not a second or successive habeas petition. Applying this standard, Moreland's claims should have been treated as second or successive.

*Moreland*, 813 F.3d at 324. The panel went on to expressly recognize the potential conflict and reaffirm that *Post* controlled absent the narrow scenario actually at issue in *Clark*, where the motion was filed mere days after the judgment, *see id.*, concluding as follows:

> The actual holdings of the two cases are consistent with—and indeed require—our conclusion that a Rule 60(b) motion or motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired.

*Id.* at 325.[1]

*Moreland* drew no distinction between Section 2254 and 2255 habeas claims because there is no principled reason to do so. The same underlying concerns about the conflicts between Rule 60(b) and the statutes and rules more specifically governing habeas claims applies equally to both types of claims, as the same relevant statutes and rules apply. *See Franklin*, 839 F.3d at 472-73. Under both *Franklin* and *Moreland*, this is a new and successive habeas claim, not an

---

[1] *Moreland* also recognized that the broader dicta in *Clark* traced to a discussion of a Second Circuit case and not the facts in *Clark*. *Id.* at 324 (citing *Ching v. United States*, 298 F.3d 174, 176-81 (2d Cir. 2002)). That case is also distinguishable, as the original motion there had been erroneously dismissed as untimely (not adjudicated on the merits), such that the original motion had been remanded to the district court and was pending at the same time as the motion to amend, bringing it within the rule of *Moreland*. *See Ching*, 298 F.3d at 178, 179 n.3.

amendment of Malone's original motion.  As a result, this Court would be without jurisdiction to permit the amendment Malone seeks to make if his Rule 60(b) motion were entertained and granted.

### B. MALONE HAS NOT ATTEMPTED TO—AND CANNOT—COMPLY WITH THE STANDARD FOR GRANTING AN INITIAL SECTION 2255 MOTION.

Malone has procedurally defaulted this claim by failing to raise it on direct appeal.  He makes no claim to the contrary.  A petitioner procedurally defaults any claims that were not raised in the trial-level proceedings or on direct appeal.  *See Wainwright* v. *Sykes*, 433 U.S. 72, 85-86 (1977) (no contemporaneous objection at trial); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted); *see also Bousley v. United States*, 523 U.S. 614, 621–22 (1998).  In order to overcome procedural default, Malone must either show both "cause" for the default and "actual prejudice" from the asserted error, or show that he is actually innocent.  *Id.* at 622.  Malone has not attempted either showing.

Malone might claim in reply that his prior counsel was ineffective for not arguing the *Rehaif* issue.  Although ineffective assistance of counsel can sometimes constitute "cause" to excuse a procedural default, *see Carrier*, 477 U.S. at 488-89, that exception does not apply here.  *Rehaif* had not been decided at the time of Malone's guilty plea or either of his direct appeals.  As the Sixth Circuit recently noted in the context of Guidelines claims under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), "[counsel] is not ineffective for failing to predict developments in the law."  *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019).

Nor can Malone invoke futility as "cause" for failing to raise his *Rehaif* claim in the district court or on direct appeal.  "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time[.]"  *Bousley*, 523 U.S. at 623.  There is a narrow exception for a claim "that is so novel that its legal basis is not readily

available to counsel[.]" *Id.*, at 622–23.  But the issue in *Rehaif* had for decades been widely addressed by appellate courts, *see Rehaif*, 139 S. Ct. at 2201 (Alito, J., dissenting) (collecting cases).  As a result, even if the claim had a very low probability of success, it was not so novel as to be unavailable.

Malone would thus need to show actual innocence, which requires proof by a preponderance "that no reasonable juror would have convicted him" had the government been required to prove his knowledge of his status as a felon.  *See Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).  Again, Malone makes no claim of innocence, and any such claim would be specious.  Proving his knowledge would be very easy given his extensive experience with the court system, and most importantly, the fact that he was previously convicted of possessing a firearm *as a felon* in violation of 18 U.S.C. § 922(g)(1) and served a 65-month term of imprisonment for that crime.  (*See* R. 50: PSR ¶ 33, PageID 212).  There is no better evidence that a defendant knew he had a felony conviction that prohibited him from possessing a firearm than his having previously been charged with, convicted of, and sentenced for a crime that has as an element his having such a conviction.  Nor was that federal conviction a distant memory.  He had only been released from prison a little more than three years before the November 2014 offense conduct.

C.     MALONE CANNOT MEET THE REQUIREMENTS OF RULE 60(b)(6), AND DOES NOT WARRANT THE DISCRETIONARY DECISION TO GRANT HIM EXTRAORDINARY RELIEF.

For all the foregoing reasons, Malone's motion does not justify Rule 60(b)(6) relief.  It is also in the heartland of cases where a change in law does not establish the type of extraordinary circumstances that merits Rule 60(b)(6) relief.  Malone claims that this falls in an exception to that general rule that a change in the law is insufficient, citing dicta in *Blue Diamond*.  But in the cases discussed in *Blue Diamond* and the other case cited by Malone, one of two things was true: In some, the change in law concerned the issues that were on appeal, such that granting the Rule

60(b)(6) motion was only a more efficient way of reaching the same result that would obtain on appeal, *Blue Diamond*, 249 F.3d at 528 (citing *United States ex rel. Thomas v. Gramley*, 986 F. Supp. 502, 505 (N.D. Ill. 1997) (because of "dispositive change in decisional law," "appeal court is highly likely to reverse decision"). The other line of cases arose in situations "when a change in decisional law generates divergent judgments for litigants involved in the same transaction or injury." *See id.* at 525 (collecting cases). Malone does not contend that either situation applies here.

Finally, the lack of any substantive claim to innocence is independently fatal to any claim that "principles of equity mandate relief," which Malone is required to show before a Rule 60(b)(6) motion can be granted. *In re Ferro Corp. Derivative Litig.*, 511 F.3d at 623. The bar is even higher when he asks the Court to exercise its discretion to seek to invoke a little-used procedure that would permit him to interrupt his third appeal for these purposes.

## V.     CONCLUSION

For the foregoing reasons, Malone's motion for an indicative ruling should be denied. In sum, the Court lacks jurisdiction to grant the relief he seeks, which is to file a successive Section 2255 motion without following the proper procedures. In any event, he could not meet the basic requirements of an initial Section 2255 motion, and has not tried to do so. Simply put, he must at a minimum show that *Rehaif* would have affected the outcome of his case, but his knowledge of his felon status could never have been in doubt. Far from demonstrating that equity requires

relief, he points to no equities that favor him in any way. His motion therefore falls well short of demonstrating the exceptional circumstances required to sustain Rule 60(b)(6) relief.

        Respectfully submitted,

        United States Attorney

By:   /s/ Elliot Morrison
       Elliot Morrison (OH: 0091740)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3919
       (216) 522-8355 (facsimile)
       Elliot.Morrison@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on this day, November 18, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                              /s/ Elliot Morrison
                                              Elliot Morrison
                                              Assistant U.S. Attorney