PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN D. MALONE, ) | CASE NO. 1:17CV2290 |
| ) | [1:14CR438] |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** (Resolving ECF No. 165) |

Pending is Petitioner's motion for relief from judgment.[1] ECF No. 165. The matter has been briefed. ECF No. 165-1, ECF No. 169. For the reasons explained below, Petitioner's motion is denied.

**I. Introduction**

Petitioner pleaded guilty without a plea agreement to one count for possessing a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 39 at PageID #: 130-47. The Court sentenced Petitioner to 120 months of incarceration. ECF No. 60. Petitioner appealed and the Sixth Circuit reversed in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *United States v. Malone*, 646 F. App'x 454, 456 (6th Cir. 2016). On remand, the Court varied upwards and imposed a 120-month sentence and the Sixth Circuit affirmed. ECF No. 137.

Petitioner subsequently filed a timely motion to vacate under 28 U.S.C. § 2255, seeking habeas relief due to: (1) ineffective assistance of counsel; (2) due process violations; (3) and other constitutional claims. ECF No. 138. The Court denied petitioner's habeas relief. ECF No.

---

[1] Although Petitioner characterizes his motion as such, as explained in this Order, the Court finds Petitioner's motion is actually a successive habeas motion.

(1:17CV2290)

154. Petitioner appealed and the Sixth Circuit granted Malone's certificate of appealability regarding his allegation of ineffective assistance of counsel on appeal for counsel's failure to press a claim that Ohio Rev Code. Ann. § 2925.03(A)(2) was not a "controlled substance" offense under USSG § 2K2.1. ECF No. 162. Petitioner's appeal remains pending.

After the Sixth Circuit granted Malone's certificate of appealability, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that a conviction under 18 U.S.C. § 922 requires proving that the defendant was not only aware of his possession of a firearm but also his status that made owning a firearm illegal.[2] Petitioner filed the pending motion, seeking relief from the Court's dismissal of his § 2255 motion and "provisionally permitting to incorporate *Rehaif* into his" denied motion. ECF No. 165-1 at PageID #: 1147; ECF No. 165.

## II. Discussion

### A. Successive Habeas Motion

Under 28 U.S.C. § 2244(b)(3), the Sixth Circuit must authorize a district court's consideration of a successive habeas motion. Absent this approval, the Court is "deprive[d] . . . of jurisdiction to adjudicate the claims raised" in a successive habeas motion. *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007)

---

[2] 18 U.S.C. § 922(g) identifies individuals who may not lawfully possess a firearm. The defendant in *Rehaif*, for example, alleged he was unaware of his status of "being illegally or unlawfully in the United States" as prohibited by 18 U.S.C. § 922(g)(5)(A). *Rehaif*, 139 S.Ct. at 2194. Petitioner, on the other hand, asserts that the government did not meet its burden of proving he was aware that he was a felon under 18 U.S.C. § 922(g)(1).

(1:17CV2290)

(per curiam)).  To resolve this motion, the Court must determine whether Petitioner's "Rule 60(b) motion is a 'true' Rule 60(b) motion or simply a "second or successive" habeas application cloaked in Rule 60(b) garb." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005)).  If, on the other hand, Petitioner's motion is a "true" Rule 60(b) motion for relief from judgment, the Court has jurisdiction and may consider whether Petitioner meets the statutory grounds for relief.

A Rule 60(b) motion is a successive habeas motion "when it 'seeks vindication of' or 'advances' one or more claims." *Franklin*, 839 F.3d at 473 (citations omitted).  Asserting a new ground for relief or presenting new evidence of an already litigated claim constitutes a second habeas motion.  *Moreland*, 813 F.3d at 323.  In contrast, a defendant is not pursuing a successive habeas motion if he "merely asserts that a previous ruling which precluded a merits determination was in error" such as "a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 542 n.4 (2005).

Petitioner avers his motion seeks to amend his § 2255 motion and is not a successive motion.  The undersigned disagrees.  Because Petitioner seeks to assert a new ground for relief based on *Rehaif,* he intends to submit a successive habeas motion.  *Franklin*, 839 F.3d at 473 (citations and quotations omitted).  Accordingly, the Court has no jurisdiction to consider it.

Petitioner's reliance on *Clark v. United States*, 764 F.3d 653 (6th Cir. 2014) is unavailing.  Specifically, Petitioner draws to the Court's attention the Sixth Circuit's indication that "[a] motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete  *i.e*., before the petitioner has lost on the

(1:17CV2290)

merits and exhausted [his] appellate remedies." *Clark*, 746 F.3d at 658. But the Sixth Circuit sharply limited this language in *Clark* by reconciling this claim with its holding in *Post v. Bradshaw,* 422 F.3d 419 (6th Cir. 2005):

> But the actual facts of *Clark* are that the motion was filed before a notice of appeal was filed and before the time for filing such a notice expired . . . . The actual holdings of the two cases are consistent with — and indeed require — our conclusion that a Rule 60(b) motion or motion to amend that seeks to raise habeas claims is a second or successive habeas petition when that motion is filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired.

*Moreland*, 813 F.3d at 325.[3] The *Moreland* court curbed *Clark*'s holding to only apply to a motion filed before a notice of appeal was filed. *Id*. In the instant case, Petitioner did not file the pending motion until several months after filing a notice of appeal. Therefore, his petition is outside of *Clark*'s limited purview. ECF No. 165; ECF No. 159. Because Petitioner's motion was filed "long after he appealed the district court's decision denying his original habeas petition," and he seeks to assert new grounds for relief, his motion is a successive motion. *Moreland*, 813 F.3d at 325.

Accordingly, the Court lacks jurisdiction over Petitioner's successive habeas motion and it must be denied.

**B. Rule 60(b)(6) Motion for Relief from Judgment**

---

[3] In *Moreland*, the Sixth Circuit acknowledged a conflict between its holdings in *Clark* and *Post*. The Sixth Circuit explained that, in *Clark*, "we relied upon a Second Circuit case that held contrary to the holding in *Post* on facts indistinguishable from those in *Post*." *Id.* at 324 (citations omitted). Because both *Post* and *Clark* are published decisions, and neither *Clark* nor the Supreme Court explicitly overturned *Post*, *Moreland's* panel attempted to "reconcile *Post* and *Clark*." *Id.* at 325.

4

(1:17CV2290)

Even if the Court considers Petitioner's motion to be a motion to amend rather than a successive motion, he still not would prevail. Petitioner insists that the government did not prove that he *knew* he was a felon in possession of a firearm. The bases of his motion is Rule 60(b)(6), which states that a court may provide relief "for any other reason that justifies relief." Petitioner must demonstrate that there is an "exceptional and ordinary circumstance that would justify relief." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Petitioner avers that although Rule 60(b)(6) is a high burden, *Rehaif* is a significant change in law that justifies the relief sought. "[A] change in decisional law is usually not, [however,] by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citation omitted). Petitioner suggests that *Rehaif* constitutes a "dispositive change in decisional law" that occurred while his "appeal is still pending." *Id.* at 528 (citations omitted). As importantly, the cases that the *Blue Diamond* court relies upon emphasize that relief should only be afforded when the dispositive change in decisional law compromises the fairness of the judgment or its finality. *See, e.g.*, *Batts v. Tow-Motor Forklift Co.*, 66 F. 3d 743, 749 (5th Cir. 1995) ("A party seeking relief under Rule 60(b) cannot simply cite a new Supreme Court decision to support its motion; it must present proof that enforcement of the judgment would work an injustice.") (citation omitted); *United States ex rel. Thomas v. Gramley*, 986 F.Supp.502, 505 (N.D. Ill. 1997) ("our review of the law indicates that district courts seem to take this opportunity only when it is *absolutely clear* that the outcome of the former judgment would be

5

(1:17CV2290)

reversed on appeal.") (citations omitted) (emphasis added). Petitioner must also demonstrate that the change in law applies to him. *See Bachman v. Wilson*, 747 F. App'x 298, 304 (6th Cir. 2018) (noting that a change in law regarding resentencing is insufficient to justify Rule 60(b) relief "without first showing that he was resentenced."); *cf. Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 580 (6th Cir. 1998) (finding that the lower court erroneously concluded, *inter alia*, that the change in law was inapplicable to movant).

Petitioner's position does not warrant Rule 60(b)(6) relief because Petitioner's new claim based on *Rehaif* has no impact on his allegation of ineffective assistance of counsel due to his counsel's failure to challenge the application of the Sentencing Guidelines to his prior Ohio felony conviction. Moreover, Petitioner cannot credibly contend that counsel should have argued *Rehaif* because the Supreme Court rendered that decision well after his sentencing and appeals. *See Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) ("We have repeatedly held that counsel is not ineffective for failing to predict developments in the law . . .") (citations omitted).

In addition, a change in the law absent "some other special circumstance" is insufficient to justify relief under Rule 60(b)(6). *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (quoting *Blue Diamond*, 249 F.3d at 524). Two considerations lead the Court to find that there are no such special circumstances in Petitioner's case. First, *Rehaif* is inapplicable to Petitioner because whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense. *See Rehaif*, 139 S. Ct. at 2194 ("To *convict a defendant*, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.") (emphasis added). Petitioner hones in on the Indictment's lack of

6

(1:17CV2290)

a scienter requirement regarding his status as a felon. *See* ECF No. 1. Petitioner posits that *Rehaif*'s application to these facts dictates the extraordinary relief afforded to litigants under Rule 60(b)(6). Because Petitioner pleaded guilty, however, this contention is moot. *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend *all of the factual and legal elements necessary* to sustain a binding, final judgment of guilt and lawful sentence.") (emphasis added). After *Rehaif*, courts considering § 2255 motions have declined to vacate a criminal defendant's sentence when he has pleaded guilty to the offense. *See, e.g.*, *Thompson v. United States*, 2019 WL 5727976, at * 4 (E.D. Mo. Nov. 5, 2019) ("Because movant pleaded guilty . . . and his case never went to trial, the burden of proof for the government had the case gone to trial, is irrelevant"); *Brewster v. United States*, 2019 WL 5076404, at 7-8 (W.D.N.C. Oct. 9, 2019); *United States v. Anderson*, 2019 WL 3806104, at *2 (N.D. Ala. July 26, 2019) (noting that defendant pleaded guilty and stipulated to facts that were the basis for the plea).

Second, Petitioner is not entitled to relief because he cannot argue in good faith he was unaware of his status as a felon. Rule 60(b)(6) motions should be granted only "where principles of equity mandate relief." *In re Ferrero Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) (citations omitted). Equitable considerations do not weigh in Petitioner's favor. Malone had multiple prior felony convictions but, more importantly, was previously convicted in 2006 for the same offense — possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 41 at PageID #: 400-01. Despite *Rehaif*'s holding, Petitioner is not entitled to the relief sought under Rule 60(b)(6) which is limited to extraordinary circumstances.

7

(1:17CV2290)

## III. Conclusion

For the foregoing reasons, Petitioner's motion is denied.

IT IS SO ORDERED.

| | |
|---|---|
|  December 23, 2019  | _/s/ Benita Y. Pearson_ |
| Date | Benita Y. Pearson |
| | United States District Judge |